2 149
23c 108
2 149
14 370
2 149
15 507

## WALKER, APPELLANT, v. POGUE ET AL., APPELLEES.

1. ACTION TO QUIET TITLE.

The Civil Code, sec. 255, which provides for action by one in possession of land by himself or tenant "against any person who claims an estate therein adverse to him, for the purpose of determining such adverse claim," does not authorize an action by one who has conveyed the legal title to the land, but retains possession thereof.

2. PLEADING.

A complaint to rescind a conveyance on the ground that the stock of goods taken in consideration therefor was not as represented, which shows that the goods were delivered to the plaintiff as agreed, but fails to state when the fraud was discovered, or that the goods were returned or tendered to the defendant, is bad on general demurrer.

3. RESCISSION OF DEED FOR FRAUD—LIMITATION.

A complaint filed in July, 1887, to rescind a deed made in September, 1883, on the ground of fraud, which does not show when the fraud was discovered, is barred by Gen. Stats., sec. 2174, which provides that "Bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards."

*Appeal from the District Court of Arapahoe County.*

APPELLANT was plaintiff below. The suit was brought for equitable relief on the following facts alleged in the complaint:—

That on September 3, 1883, plaintiff was the owner of certain lots in the city of Denver and in possession of them, and at the time of bringing suit was still in possession, never having resigned it. That the defendants claim an estate or interest in the property adverse to plaintiff. That the defendants have no right, title or interest whatever in the property. That on the 3d day of September, 1883, Pogue represented to plaintiff that he was the owner of a stock of hardware stored in the city of Richmond, state of Indiana, of a good merchantable quality, manufactured from good material, and of the quality then in use, worth $15,000, which he wished to exchange for the lots. That he gave plaintiff an

inventory of the goods. That the plaintiff, relying upon such statements, made the exchange, and on the date mentioned conveyed the property by deed to Pogue. That on some blank date the goods were shipped to Denver "*and were delivered to plaintiff in consideration of the conveyance aforesaid.*" That all the representations of Pogue were false and fraudulent. That the goods were not of good quality, were not merchantable, were of poor material, and that many of the goods contained in the inventory were missing. That he discovered these facts on the 11th of October, 1883, which, though not definitely stated, appears to have been some time after the delivery and acceptance of the stock. That on the date last mentioned, he notified Pogue and Bradbury " that the contract was rescinded and then and there offered to Pogue to return the hardware, and demanded a reconveyance of said * * * lots * * * and that said Pogue refused to receive the said stock of goods and make said conveyance." That afterwards, on the 10th of November, 1883, Pogue conveyed the property to W. H. Bradbury; that no consideration passed. That Bradbury had full knowledge of all the facts and circumstances. That Bradbury was the agent of Pogue and assisted him in perpetrating the fraud, etc. That in January, 1884, Bradbury conveyed two of the lots to the Randolph Land & Stock Company; that such conveyance was without consideration, with full knowledge of the facts and void.

Prayer that the deeds from plaintiff to Pogue, from Pogue to Bradbury, and from Bradbury to the Randolph Company, be declared fraudulent and void, and that each of the parties be required to convey to the plaintiff, and for an injunction, etc.

A demurrer was filed to the complaint, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that the complaint showed upon its face that it was a bill for relief on the ground of fraud, and that the alleged fraud was discovered on the 11th of October, 1883, and that the bill of complaint was not filed until July 27,

1887, more than three years after the discovery of the fraud. The demurrer was sustained and an appeal taken.

Mr. PLATT ROGERS and Messrs. ROSS & DEWEESE, for appellant.

Messrs. WOLCOTT & VAILE, for appellees.

REED, J., after stating the facts delivered the opinion of the court.

Two questions are presented for determination.

First.—Does the complaint state facts sufficient to constitute a cause of action?

Second.—Was the suit barred by the statute of limitations?

Preliminary to the discussion of either question it appears necessary to determine the character of the suit. Appellant at the outset declares it to be one brought under chap. 22, Code of 1887, of Actions to Quiet Title, and the brief and argument are based upon that supposition. Appellees regard it as a suit to rescind a contract because of fraud in obtaining the title.

By sec. 255 of the Civil Code it is provided, " An action may be brought by any person in possession by himself or his tenant, of real property against any person who claims an estate therein *adverse to him for the purpose of determining such adverse claim, estate or interest.*"

The possession of real property is in all cases supposed to follow a conveyance of the legal title unless retained for a given time by contract of the parties. There does not appear, in this case, to have been any contract. What the character of the possession was is not disclosed. Had the property been improved it would probably have been so stated, and the same, had it been in any way actually occupied by appellant. If vacant, constructive possession passed to the grantee by the conveyance. We do not think cases of this

kind were contemplated by the legislature or come within the purview of the statute. To maintain an action the possession must be based upon some title, and asserted upon some legal right to the possession. A wrongful possession illegally retained, by the grantor of real property to which he has conveyed the fee, cannot be regarded as the possession intended by the Code, nor can the grantor, after conveying the legal title, successfully claim that such title is adverse; the possession may be adverse but the title is in privity. The title of the grantee, so far as appears, was the only legal title. What legal title the grantor had, passed by his own conveyance, and could not be regarded as adverse. After the conveyance, the grantor was without title of any kind whatsoever, and a naked, wrongful possession was not sufficient. A title, or claim of title, to be considered *adverse*, must be derived through some other source, or collaterally from the grantor, not directly, and where the conveyance is of the fee.

It follows that in our view the character of the action is misconceived by the appellant, and that by the allegations of the complaint and the relief asked, it can only be regarded as a suit to compel the rescission of the conveyance on the ground of fraud in obtaining it, or for want of consideration. Viewing the case in this light, were the allegations in the complaint sufficient to warrant a court of equity to decree the cancellation of the deeds and reconveyance? Prior to the arrival of the goods in Denver, the grantor could only rely upon the inventory and the representations of Pogue. After their arrival, he had the opportunity, and it became his duty, to either disprove or verify their correctness. Whether he did or did not is not stated. It is not shown at what date the goods arrived, but probably in the early part of September, and it is stated, "The same were delivered to the plaintiff in consideration of the conveyance aforesaid." The delivery, of necessity, involves an acceptance, and the acceptance is clearly inferable from the facts stated, for on October 11th, when he alleges the discovery of the fraud,

they were in plaintiff's possession, and he offered to return them and demanded a reconveyance of the land, and the legal inference must be that he had been in such possession from the time of the arrival and delivery. From the time of the conveyance until the arrival of the goods plaintiff could rely upon, and defendant was responsible for, the representations made; then with the opportunity for examination and verification, the transaction ceased to rest upon the representations, and the maxim *caveat emptor* applies. By an unqualified and unconditional acceptance, he was estopped to deny the correctness of the representations.

In 2 Addison on Con., 995, it is said: "If the defect is patent and can readily be discovered by proper examination at hand, there is no fraudulent concealment."

It is alleged that some time after the delivery and acceptance, an offer to return the goods and demand for the reconveyance of the property was made and refused.

In order to rescind, parties must be placed in *statu quo*, without such result there can be no rescission except by mutual consent. This principle is so universal that no authorities are needed in its support. No rule of equity is more fundamental than that a party must do, or offer to do, equity to entitle him to equitable relief.

It is not shown what became of the goods. The last we hear of them was on October 11, 1883, nearly four years before the institution of the suit; they were then in possession of the plaintiff. There is no showing of what became of them, no offer in the complaint to return, nor account for the proceeds; for all that appears, plaintiff was demanding a reconveyance while retaining the consideration he had received for the property, with no offer to return it.

The court was justified in sustaining the demurrer on the general ground that the complaint did not state facts sufficient to constitute a cause of action.

Sec. 2174, Genl. Stat., p. 672, is: "Bills for relief on the ground of fraud shall be filed within three years after the

discovery by the aggrieved party of the facts constituting such fraud and not afterwards."

Comments upon and construction of the statute are unnecessary. We have shown that in our view of it, it was clearly a bill for relief on the ground of fraud, and such conclusion is plainly established by several unmistakable allegations.

It is said, " That all the representations so made by the defendant, Pogue, regarding said goods, were false and fraudulent, and were known to be. such at the time they were made by said defendant, * * * and that said representations were made for the purpose of obtaining possession of said premises without paying a valuable consideration therefor." Language could hardly be more explicit to characterize the nature of the suit. It also appears upon the face of the complaint that the fraud was discovered October 11, 1883; suit was instituted July 27, 1887, three years, nine months and a half afterwards. The suit was barred by the statute of limitations.

*Pipe v. Smith*, 5 Colo. 146, is directly in point and conclusive of the question, not only of the statutory bar, but that it may be raised by demurrer when it appears upon the face of the bill. See also *Bradbury v. Davis*, 5 Colo. 265; *Bohm v. Bohm*, 9 Colo. 100; *Sublette v. Tinney*, 9 Cal. 424; *Carpenter v. City of Oakland*, 30 Cal. 439.

The judgment sustaining the demurrer must be affirmed.

*Affirmed.*