## No. 10,333.

## NEAL *v.* NORTH FORK LAND & CATTLE COMPANY.

### Decided March 5, 1923.

Action by real estate broker for commission. Judgment for defendant.

### *Affirmed.*

1. BROKERS—*Real Estate—Commission.* A real estate broker to earn a commission must procure a customer ready, able and willing to buy upon the terms proposed. An agent employed to sell, or find a purchaser, has not performed the contract by negotiating a mere option.

2. REAL ESTATE—*Contract of Sale and Purchase—Option.* A contract of sale creates mutual obligations on the part of the seller to sell, and on the part of the purchaser to buy; while an option gives the right to purchase, within a limited time, without imposing any obligation to purchase.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. WILLIAM J. MCPHERSON, Mr. JOSEPH N. BAXTER, for plaintiff in error.

Mr. J. W. KELLEY, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS was an action instituted by plaintiff in error to recover $2,750, as a commission alleged to be due him as a real estate broker for services rendered in the sale of a farm belonging to the defendant in error. The property was regularly listed for sale with the plaintiff. The plaintiff introduced one Woodhouse to defendant in error, and after protracted negotiations the following written instrument was executed:

"This memorandum of agreement made and entered into this 26th day of Jan., 1921, between The North Fork Land and Cattle Company by C. H. Allyn, Pres. and Elvis H. Woodhouse whereby The North Fork Land and Cattle Company is selling the following described real estate to Elvis H. Woodhouse (same description as in complaint), reservations by Allyn, possession to be given Woodhouse on or before March 5th, 1921; the entire purchase price to be $55,000.00; payable as follows:  $3,500.00 the receipt whereof is hereby acknowledged; $1,500.00 on or before Feb. 5, 1921; $5,000.00 note secured by $14,000 second mortgage and notes secured on Sec. 35, T. 16 N. R. 58 W. Banner County, Nebraska.  Interest 10% annum on above, $5,000.00 note to be executed and delivered to said Allyn on or before March 5, 1921, and payable on or before March 5, 1922, $6,000.00 payable March 5, 1922, $6,400.00 payable March 5, 1923, $6,520.00 payable March 5, 1922, $6,520.00 payable March 5, 1923, $6,500 payable March 5, 1924, $6,500.00 payable March 5, 1925, $6,500.00 payable March 5, 1926, all deferred payments to draw interest at the rate of 6% per annum payable annually (except the $5,000.00 note mentioned here) Trust deed to be executed with the above notes by Elvis H. Woodhouse, and placed in escrow at The Stockyards National Bank, also warranty deed to be executed by C. H. Allyn to the above described property to be placed in said bank and delivered to the said Woodhouse, when the payments have been made according to this agreement.  Said deeds and notes to be executed and delivered to said bank on or before March 5, 1921.  Provided payments are made or

tendered as hereinbefore set forth. If the payments are not tendered or made as hereinabove set forth, on or before March 5, and February 5, 1921, then this agreement to be void, and the $3,500 receipted herein is to be held as liquidated damages and both parties released from all obligations herein."

There is no contention that Woodhouse complied in any respects with the terms of this contract after its execution. Woodhouse himself testified "Have never been in position to carry out the contract of January 26th; never concealed the fact that I might not be able to pay. The deal was never closed; never was in position to close it; would have closed it if I could."

The trial was to the court. The defendant had judgment, and the plaintiff is here on error.

There is no conflict in the evidence as to any material fact in the case. It was incumbent on plaintiff, as a broker, to procure a customer for defendant who was ready, able and willing to buy upon the terms proposed. This it appears he did not do. Plaintiff's customer testified that he never was able to close the deal in compliance with the contract. But plaintiff contends, as we understand his position, that the contract made between defendant in error and Woodhouse was a valid binding agreement of purchase and sale, and that by the act of executing the contract the defendant in error accepted Woodhouse as a purchaser ready, able and willing to buy, and that by so doing the defendant in error became liable for a commission to the plaintiff.

This contention is not tenable. The agreement was not a mutually binding and enforceable contract, it was a mere option contract and contained no covenants binding Woodhouse to buy. By the terms of the contract Woodhouse acquired the right, at his election, to purchase or not to purchase the ranch on the terms and within the time specified in the contract, without assuming any obligation whatever by which a sale could be enforced against him by the seller. This is not a contract of sale

such as the law requires, as evidence of the fact, that the broker has fulfilled his obligation in introducing a customer to the owner who is ready, able and willing to buy on the terms satisfactory to the vendor. This court said, in *Stelson v. Haigler,* 63 Colo. 200, at page 208 (165 Pac. 268, 3 A. L. R. 550) :

"It may be laid down as an established rule of law that unless the contract contains language which may reasonably be construed as an agreement on the part of the vendee to purchase the property, or to assume some obligation thereunder, it will be an option contract and not an agreement of sale and purchase. It is impossible to conceive of an agreement of sale and purchase without obligation on the part of the vendee to purchase. On the other hand, the absence of such obligation is the distinctive characteristic of an option contract. A contract of sale creates mutual obligations on the part of the seller to sell, and on the part of the purchaser to buy, while an option gives the right to purchase, within a limited time, without imposing any obligations to purchase. * * * An agent employed to sell or find a purchaser has not performed the contract by negotiating a mere option contract, and therefore is not entitled to recover the agreed or any compensation for such services."

We are of the opinion that the judgment must be affirmed.

Affirmed.

MR. CHIEF JUSTICE TELLER not participating.