No. 12,826.

LITTLEJOHN *v.* GRAND INTERNATIONAL BROTHERHOOD OF
LOCOMOTIVE ENGINEERS ET AL.

(20 P. [2d] 311)

Decided February 20, 1933.   Rehearing denied March 20, 1933.

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. JOHN A. MARTIN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in the same order in the trial court and are hereinafter referred to as plaintiff and defendants respectively.

Plaintiff sought an injunction to relieve against an unlawful conspiracy to defraud him of "seniority rights" in railway employment, to which he claimed he was entitled, and in which conspiracy he alleged defendants had thus far successfully engaged, and for compensatory and exemplary damages and body execution. Demurrers to his complaint, raising the six and three-year statutes of limitation, were sustained, and demurrers for want of facts and nonjoinder of parties overruled, and judgment of dismissal was entered. To review that judgment this writ is prosecuted.

Plaintiff's cause of action arose some fifteen years, certainly seven years, before suit. From the time the action was started below until the abstract was filed here another seven years elapsed. His grievance, if he has one, is now almost twenty-five years old. During all this time he has had the affirmative, and most of the delays are chargeable to him. It is therefore apparent that no presumptions, not mandatory, should be indulged to relieve him from the bar of "staleness" if that question is properly raised. It was first sustained against his complaint almost seven years ago and finally sustained against that complaint, as repeatedly amended, almost three years ago.

One of the questions to which counsel devote many pages of their briefs is whether this is a law action for damages with a prayer for injunction as an incident, or an equity action for injunction with a prayer for damages as an incident. In so far as classification is here necessary it is probably the former. It is based upon fraud. In such a case, where courts of law afford relief the jurisdiction is concurrent. 21 C. J. 107, §83. Here plaintiff's damages are measurable and had accrued, he alleges, in the sum of $23,000. But he also demanded exemplary damages in the sum of $25,000 and exemplary

damages are not recoverable in equity. 17 C. J. 971, §268. The same is true as to body execution. C. L. 1921, p. 1576, §5964 (R. S. 1908, p. 818, §3024). True, the prayer is no part of the complaint, but it may be resorted to in aid of interpretation. *Green v. Davis,* 67 Colo. 52, 56, 185 Pac. 369.

Plaintiff was a member of the Brotherhood of Locomotive Firemen and Enginemen, and claimed certain rights under the laws and rules of the Brotherhood of Locomotive Engineers. After pleading these and his efforts, under the rules of the Brotherhoods, to secure relief, in which efforts he says he was misled, delayed, deceived, and so prevented from seeking legal advice by false and fraudulent representations made to him in furtherance of the alleged conspiracy, he charges that on a given date he discovered "that each and every of the said representations, so made by the defendants and relied upon by him, were falsely and fraudulently made, in furtherance of the common purpose and conspiracy, theretofore entered into between the defendants, but unknown to the plaintiff, to maliciously, wrongfully and illegally prevent plaintiff from retaining his said seniority rights." The complaint was not filed herein until more than seven years after said alleged date of discovery.

The six-year statute of limitations is section 4061, R. S. 1908 (section 6392, C. L. 1921) and the three-year statute of limitations is section 4072, R. S. 1908 (section 6403, C. L. 1921). Both are raised, and properly raised, by the demurrer. *Walker v. Pogue,* 2 Colo. App. 149, 29 Pac. 1017. Said sections are respectively sections 1 and 12 of chapter LV, p. 437, R. S. 1868, and section 10 of the same chapter is section 4070, R. S. 1908, and section 6401, C. L. 1921. Said Section 10 reads: "Whenever there is a concurrent jurisdiction in the courts of common law and in courts of equity, of any cause of action, the provisions of this *chapter* limiting the time for the commencement of a suit for such cause of action in a court

of common law, shall apply to all suits hereafter to be brought for the same cause in the court of chancery.''

The six-year statute expressly bars ''actions of assumpsit, or on the case, founded on any contract or liability, express or implied,'' * * * and ''all other actions on the case, except actions for slanderous words and for libels.'' Whether plaintiff's cause is barred by this statute, as held by the trial court, we need not determine, since we see no escape for him from the bar of the three-year statute. The latter reads: ''Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards.'' We have applied this section in injunction suits, when raised by demurrer to the complaint. *Pipe v. Smith*, 5 Colo. 146; *Farncomb v. Denver*, 64 Colo. 13, 21, 171 Pac. 66. Much therein said is here applicable, and final, and need not be repeated.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.