Burke, J.
The principal law question on these cross appeals is whether the Supreme Court committed reversible error in-awarding exemplary damages as incidental to injunctive relief.
Plaintiff’s complaint alleged.a “plain and concise statement of the material facts ” (Civ. Prac. Act, § 241) and “ a demand of the judgment to which [it] supposed [itself] entitled ” (Civ. Prac. Act, § 255). The facts alleged were that plaintiff was the lessee in possession of the street level floor in the building of one of the defendants; that all of the defendants caused the premises to be broken into at night on two occasions during which certain *332 damage was done to the leasehold; that each time barriers were placed on the means of access to bar plaintiff from the premises, all with the purpose of harassing plaintiff into surrendering its valuable lease; that similar acts will occur in the future unless restrained by the court. The relief requested was an injunction and treble damages. The note of issue repeated the request for injunction, and “ $5,000 plus exemplary damages besides injunction ”.
Defendants challenge the propriety of the award, not as a matter of the law of damages but rather on the procedural ground that “ the function of a court of equity goes no further than to award compensatory damages as incidental to injunctive relief: it may not assess exemplary damages.” Defendants’ position, aside from the right to a jury trial, which we think is waived here, is based on an erroneous concept of the court system of this State. We have one court of general jurisdiction which administers all of New York law, be that law of legal or equitable origin. Therefore, defendants are mistaken when they suggest that a Justice of the Supreme Court of the State of New York cannot apply a particular principle of New York law to a case before him for decision where that principle is properly applicable to the facts as determined. The court in Dunkel v. McDonald (272 App. Div. 267, affd. on other issues, 298 N. Y. 586), which the Appellate Division overruled in reaching its conclusion in this case, mistook the issue in stating that “ The court has no power in an action in equity to award exemplary or punitive damages. * * * The function of a court of equity goes no further than to award as incidental to other relief, or in lieu thereof, compensatory damages; it may not assess exemplary damages ” (272 App. Div., p. 272). This, as we have said, presupposes a court intrinsically limited to granting remedies solely equitable in historical origin. There is no such court in this State.
No amount of authority in other States should persuade us that Judge Cakdozo was wrong when he said in Susquehanna S. S. Co. v. Andersen & Co. (239 N. Y. 285, 294): “ The whole body of principles, whether of law or of equity, bearing on the case, becomes the reservoir to be drawn upon by the court in enlightening its judgment ”. Maitland expressed the same view when he predicted that ‘ ‘ The day will come when lawyers will *333 cease to inquire whether a given rule he a rule of equity or a rule of common law; suffice it that it is a well-established rule administered by the High Court of Justice.” (Maitland, Equity [1909], p. 20.) Needless to say, we have accepted Maitland’s and Judge Cardozo’s understanding of the consequences of the merger.
Of course, we are obliged to preserve inviolate “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision ” (N. Y. Const., art. I, § 2). It is to this sole remaining jurisdictional distinction between law and equity that we now turn.
Assuming that defendants had a constitutional right to a jury trial of the issues of fact supporting the award of exemplary damages (an assumption which is not free from uncertainty — see Lynch v. Metropolitan El. Ry. Co., 129 N. Y. 274; Jamaica Sav. Bank v. M. S. Investing Co., 274 N. Y. 215; but see Hudson v. Caryll, 44 N. Y. 553; Cogswell v. New York, N. H. & H. Ry. Co., 105 N. Y. 319; City of Syracuse v. Hogan, 234 N. Y. 457), it is clear that the failure to move to separately state and number the causes of action or to demand a jury trial constituted a waiver of any such right (Civ. Prac. Act, § 425).
This waiver is unaffected by the amendment, granted at the close of plaintiff’s case, conforming the pleadings to the proof by adding allegations of malice and adding to the prayer for relief the words “ or the actual damages suffered by plaintiff plus adequate exemplary damages.” As the Trial Judge observed, these amendments added little to the meaning of the existing allegations which stated the facts and the purpose for which they were designed. Since the complaint originally requested “ treble * * * damage”, the additional request for “ adequate exemplary damages ” added nothing that was not there before. Accordingly, the only limitation on the court’s power to award whatever relief the law calls for — the right to a jury trial on legal issues — is not present here.
The propriety of exemplary damages as a matter of substantive law is not contested by defendants if the finding of malice was proper. (See Walker v. Sheldon, 10 N Y 2d 401.) Defendants’ only contention in this regard is that there was no malice. This affirmed finding of fact is amply supported by the record. The trespasses in the nighttime, the barring of the doors, all *334 done while workmen were redecorating the premises during the daytime, render the denials of malice incredible.
The cross appeal contests the reduction of the amount of damages, both compensatory and exemplary. The Appellate Division’s reduction in amount of exemplary damages to twice the amount of actual damages so as to match the statutory (Real Property Law, § 535) amount is well within the discretion of that court.
The judgment should, therefore, be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Ftjld, Foster and Scileppi concur with Judge Burke ; Judge Van Voorhis dissents and votes to modify the judgment appealed from so as to eliminate the award of punitive damages upon the ground that, regardless of the form of the action as in equity or at law, plaintiff has failed to bring itself within section 535 of the Real Property Law which is the basis for recovery of more than compensatory damages in actions for forcible entry and detainer. I do not believe that causes of actions for punitive damages should be extended, for the reasons stated in my dissenting opinion in Walker v. Sheldon (10 N Y 2d 401, 406).
Judgment affirmed.