Wallace DUNLAP, Plaintiff,

v.

Robert SANDERSON, Defendant.

Civ. A. No. 78–C–642.

United States District Court,
D. Colorado.

Sept. 7, 1978.

Wallace Dunlap pro se.

J. D. MacFarlane, Atty. Gen. of State of Colo., and Edwin L. Felter, Jr., Asst. Atty. Gen., Denver, Colo., for defendant.

OPINION, ORDER AND JUDGMENT

CHILSON, Senior District Judge.

On April 8, 1976, the defendant was a judge of the district court in and for the County of Kiowa, State of Colorado, at which time he entered an order in a civil action in the case of *Mary A. Dunlap v. Wallace Dunlap,* finding the defendant, Wallace Dunlap, in contempt of court for repeatedly refusing to answer questions of the court directed to Wallace Dunlap's ability to provide reasonable support of his minor child. For such refusal, the defendant in this action adjudged Wallace Dunlap in contempt of court and sentenced him to the county jail for a period of thirty days or until he purged himself of contempt.

In June 1978, the said Wallace Dunlap instituted this action against the judge,

Robert Sanderson, seeking to recover damages in the amount of $160,000.00.

The defendant has moved to dismiss the action.

It is apparent from a reading of the complaint that plaintiff is under the misapprehension that Colorado has a two-court system: one a Court of Chancery having equity jurisdiction and the other having jurisdiction of cases arising under the common law. This is not so.

More than 100 years ago the Colorado State Legislature abandoned the English system of dual jurisdiction and provided a Code of Civil Procedure stating:

"SECTION 1. That the distinction between actions at law and suits in equity, and the distinct forms of actions, and suits heretofore existing, are abolished, and there shall be in this State but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which shall be the same at law and in equity, and which shall be denominated a civil action, and which shall be prosecuted and defended as prescribed in this act."

Act of March 17, 1877, § 1 (Code of Civil Procedure of the State of Colorado, Gen. Stat. 1883).

In 1881, the Colorado Supreme Court held:

"The code abolished all distinctions between legal and equitable actions, and substituted therefor the one action by complaint.

"For our common law practice and our chancery practice it substituted a code procedure." *Blatchley v. Coles*, 6 Colo. 82, 83.

Rule 2 of the Colorado Rules of Civil Procedure provides:

"There shall be one form of action to be known as 'civil action.'"

The Colorado Supreme Court in *McKenzie v. Cook*, 110 Colo. 29, 32, 129 P.2d 906, 907 held that Rule 2 " _ _ _ abolishes the distinction between actions at law and equity _ _ _."

Whether the state court action here involved called for a remedy at law or equita-ble relief is immaterial for the District Court of Kiowa County had jurisdiction of the action in either event and the defendant, Judge Sanderson, as a judge of that court had jurisdiction to hear the case. Whether the contempt order was legal or equitable in nature is immaterial in the case presently before this court.

The material allegations of the plaintiff's complaint to be considered are:

1. The defendant "did corruptly deprive plaintiff of a neutral judge";

2. The defendant deprived plaintiff of due process of law by depriving plaintiff of a trial by jury;

3. The defendant deprived him of his liberty through a malicious and vindictive court order issued on April 9, 1976 (the contempt order).

The motion to dismiss is based on the doctrine of judicial immunity and lack of jurisdiction of this court over the subject matter of this action.

■ The plaintiff's contention that he was deprived of a "neutral judge" is not substantiated by any facts alleged in the complaint. The complaint alleges no attempt by the plaintiff to disqualify the defendant from acting in the contempt proceedings, but even had such an attempt been made to disqualify the defendant and had been unsuccessful, the plaintiff's remedy would have been an appeal to a higher state court. This court, at least in the first instance, would have no jurisdiction to determine the qualifications or lack of qualifications of the defendant to sit as a "neutral judge."

■ The second basis for the complaint is that the plaintiff had a federal constitutional right to a jury trial in the contempt proceedings. It is clearly apparent that the contempt order was entered in a civil contempt proceeding. The United States Supreme Court in *Shillitani v. The United States*, 384 U.S. 364, 371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966), held that there is no federal constitutional right to a jury trial in a civil contempt proceeding.

■ The third basis for the plaintiff's claim is that the defendant deprived the

plaintiff of his liberty through a malicious and vindictive court order (contempt order). This claim is in the nature of an action pursuant to 42 U.S.C. § 1983.

The United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), repeated its previous holdings that the doctrine of judicial immunity is applicable to actions brought pursuant to 42 U.S.C. § 1983 and then stated:

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"

The complaint contains no allegations of fact attacking the jurisdiction of the state court in the action in which the contempt order was entered. The contempt order itself indicates that the state court action was one involving domestic relations of the parties thereto, and as such was clearly within the jurisdiction of the state court.

For the foregoing reasons, the motion to dismiss should be sustained.

IT IS THEREFORE ORDERED that the motion to dismiss this action is granted and final judgment of dismissal of this action with prejudice is forthwith entered.