Sally DeFEYTER and James R. DeFeyter, Plaintiffs-Appellants,

v.

Sandra K. RILEY and Ronn H. Mayer, Defendants-Appellees.

No. 78–770.

Colorado Court of Appeals, Division I.

Oct. 25, 1979.

Rehearing Denied Nov. 23, 1979.

Certiorari Denied Feb. 11, 1980.

James B. Breese, Robert M. Shopneck, Denver, for plaintiffs-appellants.

Joseph A. Davies, P. C., Randall S. Herrick-Stare, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiffs were the purchasers and defendant Riley the seller in a contract relating to an apartment house. When Riley sold the apartment house to defendant Mayer, plaintiffs brought this action for specific performance and damages. Plaintiffs procured an ex parte temporary restraining order attempting to block the closing of the Riley-Mayer transaction, but it was served several hours after that closing. The action went to trial, and at the conclusion of plaintiffs' case, the trial court dismissed the complaint finding that there was no consideration paid by plaintiffs. We reverse.

Plaintiffs met with Riley to arrange for purchase of the apartment house. Riley filled in the blanks in a form contract entitled "Receipt and Option Contract (Residential)." The total price was $136,000 payable as follows: "$4,000 hereby receipted for," $12,000 on closing and the balance in monthly installments. The contract provided that it was specifically enforceable by

the purchaser. The contract provided that it was "subject to inspection and approval of interior," and when plaintiffs appeared to inspect the building two days later they learned that Riley had contracted to sell the apartment house to defendant Mayer. Riley informed plaintiffs, however, that their contract might still be good because Mayer's check was short, although he had indicated that it would soon be good.

The trial court, construing the agreement as an option contract, held that consideration for the option in the form of a $4,000 non-negotiable certificate of deposit was inadequate. The complaint was accordingly dismissed. We do not reach the question of the adequacy of the certificate of deposit because we conclude that the parties actually had contracted to purchase and sell the property.

■ While the form contract involved is entitled "Receipt and Option Contract," and many of the contentions in this court are predicated on it being an option, a review of the document leads us to conclude that it is rather a contract whereby the plaintiffs promised to buy and defendant Riley promised to sell the apartment house. A promise exchanged for a promise imposes mutual obligations and is sufficient consideration to render the contract enforceable. *Hoagland v. Murray*, 53 Colo. 50, 123 P. 664 (1912). Thus, the question of whether the certificate of deposit was adequate consideration does not arise. *See Pueblo & Arkansas Valley R.R. v. Taylor*, 6 Colo. 1, 12 (1881).

In so concluding we note the distinction between sales contracts and option contracts:

"[U]nless the contract contains language which may reasonably be construed as an agreement on the part of the vendee to purchase the property, or to assume some obligation thereunder, it will be an option contract and not an agreement of sale and purchase. . . . On the other hand, the absence of such [an] obligation is the distinctive characteristic of an option contract. A contract of sale creates mutual obligations on the part of the

seller to sell, and on the part of the purchaser to buy, while an option gives the right to purchase, within a limited time, without imposing any obligations to purchase. *James on Option Contracts* § 105, and authorities cited. *Hessell v. Neal*, 25 Colo.App. 300, 137 P. 72." *Stelson v. Haigler*, 63 Colo. 200, 165 P. 265 (1917).

■ The fact that the word "option" appears in the title of the instrument does not mandate a determination that the instrument is an option contract. *See Morath v. Perkins*, 86 Colo. 101, 278 P. 611 (1929). The import of that word is negated by other words used in the document, including: "Purchaser", "seller", "earnest money and part payment", and "purchaser agrees to buy." Such terms are indications of the parties' mutual obligation to sell and purchase. *See Cullen v. Park Club Land Co.*, 67 Colo. 210, 184 P. 303 (1919).

The contract in question contains provisions permitting defendant Riley to retain the plaintiffs' $4,000 part payment as liquidated damages and releasing both parties from further obligations under the contract in the event payment or any other condition is not made, tendered, or performed by the plaintiffs. In conjunction with other factors, such a clause has been construed as creating an option contract. *See e. g., Horton v. Hedberg*, 143 Colo. 62, 351 P.2d 843 (1960) (liquidated damages clause in contract which set forth terms and conditions upon which option to purchase could be exercised). *Neal v. North Fork Land & Cattle Co.*, 73 Colo. 79, 213 P. 334 (1923) (liquidated damages clause in contract which contained no covenants binding prospective purchaser to buy). *Stelson v. Haigler, supra,* (liquidated damages clause in contract which contained no agreement to purchase and which the parties treated and construed as an option contract). In each of these cases the liquidated damages clause was construed as providing consideration for an option upon a finding that the instrument did not affirmatively obligate the prospective purchaser to buy the property.

The agreement here is significantly different. It imposes an affirmative obligation on plaintiffs to purchase the property. Where the vendee has agreed to purchase the property, the presence of a liquidated damages clause does not "convert the agreement into an 'option.'" *F. James, The Law of Option Contracts*, § 109 at 23 (1916); *see Fruhling v. Ellis*, 143 Colo. 162, 352 P.2d 656 (1960); *Cullen v. Park Club Land Co., supra. See also Suburban Improvement Co. v. Scott Lumber Co.*, 59 F.2d 711 (4th Cir. 1932), *cert. denied*, 287 U.S. 660, 53 S.Ct. 123, 77 L.Ed. 569 (1932); *Hausam v. Wodrich*, 574 P.2d 805 (Alaska 1978). The contract here evidences plaintiffs' intent and obligation to purchase the property. The presence of the liquidated damages clause does not render that obligation illusory and convert the contract into a mere option.

Plaintiffs testified that they wanted to close on the contract and presented evidence that they had arranged to borrow sufficient funds to enable them to do so and thus were able to perform. Therefore, plaintiffs' evidence would support a finding that Riley had breached the contract. And, there was evidence of Mayers' knowledge and involvement. *See Cohen v. Thomas & Son Transfer Line, Inc.*, Colo., 586 P.2d 39 (1978). Hence, it was error to dismiss the complaint.

The judgment is reversed and the cause remanded for a new trial.

ENOCH, C. J., and COYTE, J., concur.