Jerrold Alan KAITZ, Tammy Lynn Kaitz, Sheryl Ann Kaitz, and Lori Beth Kaitz, by her next friend Barbara Suson, Petitioners,

v.

DISTRICT COURT, SECOND JUDICIAL DISTRICT, State of Colorado, the Honorable John Brooks, Jr., Judge, Respondent.

No. 82SA82.

Supreme Court of Colorado, En Banc.

Sept. 7, 1982.

Rehearing Denied Sept. 27, 1982.

Crane & Lewis, Westminster, Frances Jean Pottick, Boulder, for petitioners.

John E. Bush, Denver, for respondent.

ROVIRA, Justice.

In this original proceeding under C.A.R. 21 the petitioners seek reversal of an order of the District Court in and for the City and County of Denver granting the motion of Central Bank and Trust Company (Central

Bank) to strike petitioners' request for a jury trial and claim for exemplary damages because the action was equitable in nature. We issued a rule to show cause and now, having determined that the trial court was correct, discharge the rule.

The petitioners were beneficiaries of guardianship estates created by the Denver Probate Court. Central Bank was appointed guardian for the estates. At the time the petitioners' complaint was filed in the district court three of the guardianships had terminated and three of the petitioners had received final distribution from Central Bank. The fourth guardianship was terminated and distribution made shortly after the complaint was filed. The petitioners filed suit against Central Bank alleging in their first claim that Central Bank breached its fiduciary duty to them during the period of its guardianship by negligently investing their money in violation of section 15–1–304, C.R.S.1973, (1981 Supp.)[1] and by failing to diversify investments of their money. Petitioners claimed that as a direct and proximate result of Central Bank's breaches of fiduciary duty, they were damaged in an amount to be proved at trial.

Their second claim incorporated the allegations of the first claim and further stated that Central Bank's breach of fiduciary duty was in wanton and reckless disregard of their rights and feelings and prayed for exemplary damages pursuant to section 13–21–102, C.R.S.1973. Petitioners demanded a jury trial on all issues. Central Bank moved, pursuant to C.R.C.P. 39(a)(2), to strike petitioners' jury demand on the ground that the claims for relief asserted in

the complaint were equitable in nature and petitioners were not entitled to a jury trial of such claims. It further requested judgment on the pleadings or, in the alternative, partial summary judgment dismissing the claim for exemplary damages on the ground that since the claims asserted were equitable in nature the petitioners were not entitled to exemplary damages.

The respondent trial court ruled that the suit was an action by the beneficiaries against the personal representative based upon the fiduciary's actions or failure to act during the administration of the estate, the remedy of a beneficiary or ward against the fiduciary was exclusively an equitable action, and no right to a jury trial existed in such an action. As to the claim for exemplary damages the court held that such damages were not available in equitable actions. The court granted Central Bank's motion to strike the jury demand and dismissed the claim for exemplary damages.

## I.

The first issue presented is whether the petitioners are entitled to a trial by jury in an action seeking damages from their former estate guardian for negligently investing the corpus of the guardianship estate.

In Colorado there is no constitutional right to a trial by jury in a civil action. *Federal Lumber Co. v. Wheeler,* 643 P.2d 31 (Colo.1981); *Gleason v. Guzman,* 623 P.2d 378 (Colo.1981); *Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969). Rather, the

---

1. Section 15–1–304, C.R.S.1973 (1981 Supp.), provides that:

"Standard for investments. In acquiring, investing, reinvesting, exchanging, retaining, selling, and managing property for the benefit of others, fiduciaries shall be required to have in mind the responsibilities which are attached to such offices, the size, nature, and needs of the estates entrusted to their care and shall exercise the judgment and care, under the circumstances then prevailing, which men of prudence, discretion, and intelligence exercise in the management of the property of another, not in regard to speculation but in regard to the permanent disposition of funds, considering the probable income as well as the probable safety of capital. Within the limitations of the foregoing standard, fiduciaries are authorized to acquire and retain every kind of property, real, personal, and mixed, and every kind of investment, specifically including, but not by way of limitation, bonds, debentures, and other corporate obligations, stocks, preferred or common, securities of any open-end or closed-end management type investment company or investment trust, and participations in common trust funds, which men of prudence, discretion, and intelligence would acquire or retain for the account of another."

right to a jury trial in a civil case is derived from C.R.C.P. 38.[2]

It is well established that, under Rule 38, the character of the action determines whether an issue of fact is to be tried to a court or to a jury. *Federal Lumber Co. v. Wheeler, supra; Gleason v. Guzman, supra.* A jury trial is available only in the actions at law enumerated in C.R.C.P. 38(a). *Setchell v. Dellacroce, supra.* There is no right to a jury trial in actions which historically were brought before courts of equity.[3] *Worchester v. State Farm Mutual Automobile Insurance Co.,* 172 Colo. 352, 473 P.2d 711 (1970); *Miller v. District Court,* 154 Colo. 125, 388 P.2d 763 (1964).

In the case at hand, the petitioners seek money damages from their former estate guardian for negligently investing the corpus of the guardianship estate prior to its termination. They argue that the action against their former estate guardian is one sounding in tort and is an action at law under which issues of fact must be tried to a jury pursuant to C.R.C.P. 38(a). We do not agree.

Actions by a beneficiary or ward against a trustee or guardian in an existing trust or guardianship are generally, but not always, equitable in nature. *See Restatement (Second) of Trusts* § 197 (1959); 3 *A. Scott, The Law of Trusts* § 197 (1967). In certain situations, a beneficiary may maintain an action at law against a trustee. First, the beneficiary may bring an action at law when the trustee has a duty to pay money to the beneficiary and that duty is immediate and unconditional. Second, if the trustee is under a duty to transfer a chattel immediately and unconditionally to the beneficiary, a suit at law may be maintained. *See Restatement (Second) of Trusts* § 198 (1959); 3 *A. Scott, supra,* at § 198.

We believe that the present action is unlike those situations where a trustee may be liable at law. Here the beneficiaries seek relief for a breach of a fiduciary duty. They allege that their former trustee negligently invested the funds in the guardianship estate and that it failed to diversify the investments. There is no allegation of any breach of an express duty to pay a sum certain or to transfer a particular chattel.

As such, the issues to be decided are the same as those tried in any action alleging a breach of a fiduciary duty on the part of a trustee. Accordingly, the general rule that an action by a beneficiary against a trustee is equitable in nature applies. *See Restatement (Second) of Trusts* § 197 (1959); 3 *A. Scott, supra,* at § 197.

Further, the fact that the beneficiaries chose to bring their action after the guardianship estate had terminated does not change the character of the action for jury trial purpose.[4] The issues to be decided remain the same.

We conclude that the action is equitable in character and the trial court was correct in striking petitioners' demand for a jury trial.

## II.

Petitioners next contend that the trial court erred in granting the Central Bank's motion for judgment on the pleadings on their claim for exemplary damages pursuant to section 13–21–102, C.R.S.1973. We disagree.

2. C.R.C.P. 38(a) provides:
 "Where Jury Right Exists. Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried by a jury. However, after demand a jury trial may be waived by stipulation of the parties."

3. Under the Colorado Rules of Civil Procedure, law and equity have been merged, and there is only one form of action known as the civil action. C.R.C.P. 2. Nonetheless, the law-equity distinction continues to survive for the purpose of determining whether there is a right to a jury trial in a civil action.

4. *But see Beck v. Barnett National Bank of Jacksonville,* 117 So.2d 45 (Fla.App.1960).

The trial court ruled that exemplary damages were only available in cases involving injury to person or property, or more particularly for tortious conduct. It then concluded that the statute did not apply because petitioners' claim was equitable.

 Exemplary damages are available in Colorado only pursuant to statute. *Ark Valley Alfalfa Mills, Inc. v. Day,* 128 Colo. 436, 263 P.2d 815 (1953). Section 13–21–102, C.R.S.1973, provides:

> "Exemplary damages. In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."

In interpreting this statute, we have held that punitive damages are not recoverable in actions in equity. *See Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967); *Littlejohn v. Grand International Brotherhood of Locomotive Engineers,* 92 Colo. 275, 20 P.2d 311 (1933); *see also Poertner v. Razor,* 500 P.2d 989 (Colo.App.1972). Thus, our conclusion in part I of this opinion that petitioners' action was equitable in character is dispositive of this issue. The trial court properly granted Central Bank's motion to dismiss the claim for exemplary damages.

Rule discharged.