**Sally DEFEYTER and James Defeyter, Plaintiffs-Appellees and Cross-Appellants,**

v.

**Sandra K. RILEY and Ronn H. Mayer, Defendants-Appellants and Cross-Appellees.**

No. 81CA0277.

Colorado Court of Appeals, Div. I.

April 28, 1983.

Rehearing Denied May 26, 1983.

Certiorari Denied Oct. 31, 1983.

James B. Breese, Robert M. Shopneck, Denver, for plaintiffs-appellees and cross-appellants.

Joseph A. Davies, P.C., Joseph A. Davies, Curtis W. Shortridge, Denver, for defendants-appellants and cross-appellees.

ENOCH, Chief Judge.

Defendants, Sandra Riley and Ronn Mayer, appeal a money judgment entered by the trial court on behalf of plaintiffs as a result of Riley's sale of property to Mayer after executing a contract for sale with plaintiffs. We affirm in part, and reverse in part.

In January 1977, defendant Riley was the owner of certain real property located in the City and County of Denver. She wished to sell this property as quickly as possible in order to use the proceeds from

the sale to close on another property which she wanted to purchase. On January 13, 1977, defendant Riley and plaintiffs entered into a contract to sell the property to plaintiffs for $136,000, the closing to take place on February 1, 1977. Later that same day, defendant Riley entered into another contract to sell the same property to defendant Mayer, for the same purchase price. The closing under this second contract was to be on January 19, 1977. At the time Mayer entered into the contract he was aware of the contract for sale of the same property to plaintiffs.

Upon learning of the execution of the contract for the sale to defendant Mayer, plaintiffs indicated to defendant Riley that they still intended to close on the property as previously agreed. Plaintiffs then recorded the contract, and, on January 17, 1977, filed this action.

Prior to the date of defendant Mayer's closing, he was informed by defendant Riley of plaintiffs' actions and that plaintiffs' contract had appeared as an exception on the title insurance commitment. At defendant Mayer's closing on January 19, 1977, defendant Riley's husband executed an agreement with defendant Mayer which provided that defendant Mayer would be indemnified in the event plaintiffs' contract was deemed valid and enforceable.

There was no closing on plaintiffs' contract on February 1, 1977, although plaintiffs appeared at the specified place of closing, ready to perform under the terms of their contract with defendant Riley. Subsequently, defendant Mayer sold the property to a third person, who is not a party to this action, for $236,000.

Initially the complaint was dismissed on the grounds that plaintiffs' contract lacked adequate consideration. That decision, however, was reversed by this court in *Defeyter v. Riley,* 43 Colo.App. 299, 606 P.2d 453 (1979). After the trial on remand, the court entered judgment in favor of plaintiffs and against defendant Riley for breach of contract in the amount of $9,000, that being the difference between the contract price, $136,000, and the court-determined market value, $145,000, at the time the contract was entered into.

Because specific performance was impossible, the trial court determined that defendant Riley held title as constructive trustee for plaintiffs, and that defendant Mayer "took legal title as trustee of the plaintiffs and subject to the equitable interests of the plaintiffs." The court then concluded that all profits defendant Mayer had received as a constructive trustee were to be awarded to plaintiffs. Accordingly, judgment was entered in favor of plaintiffs and against defendant Mayer for $119,-291.40.

The court further concluded that "defendant Mayer's conduct in inducing the defendant Riley to convey the property to him, knowing of the existence of the contract with the Defeyters, amounted to a tortious interference with the latter contract." The court went on to hold that, "[d]ue to the flagrancy of defendant Mayer's wanton and reckless disregard for the plaintiffs rights," punitive damages should be assessed against defendant Mayer in the amount of $5,000.

## I.

■ Defendants first contend that the receipt and option contract is unenforceable because of a failure of consideration. We disagree.

The question of whether the contract was supported by adequate consideration has already been answered affirmatively in *Defeyter v. Riley, supra.* That ruling is the law of the case, *Dando v. Mangini,* 107 Colo. 170, 109 P.2d 1055 (1941), and thus, such issue will not be reconsidered. *United States National Bank v. Bartges,* 122 Colo. 546, 224 P.2d 658 (1950). *See Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App.1982).

## II.

■ Defendants next contend that the trial court erred in imposing a constructive trust upon defendants because there was no showing of fraud, duress, or a fiduciary

relationship between the parties. Again, we disagree.

In *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979), our Supreme Court, quoting *Botkin v. Pyle,* 91 Colo. 221, 14 P.2d 187 (1932), stated that constructive trusts " 'are raised by equity in respect of property which has been acquired by fraud, or where, though originally without fraud, it is against equity that it should be retained by him who holds it.' " The *Page* court also quoted with approval the following language from 5 *A. Scott, Trusts* § 462.1 (3rd ed. 1967):

"The circumstances which give rise to a constructive trust may, but do not necessarily, involve a fiduciary relation."

Since the circumstances here present a situation which under *Page v. Clark, supra,* justifies the use of a constructive trust, we find no error in the trial court's imposition of a constructive trust upon defendants.

### III.

Defendants also contend that there was insufficient evidence to support the trial court's imposition of a constructive trust, its finding that defendant Mayer was liable for tortious interference with contract, and its finding as to the value of the property. We disagree.

The credibility of witnesses, the sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom are all matters within the province of the trial court, and will not be disturbed on review unless manifestly erroneous. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). We conclude that there was sufficient evidence in the record to support the trial court's findings in these matters.

### IV.

We do agree with defendant Mayer's contention that the trial court erred in finding him liable for $5,000 in punitive damages.

The money judgment awarded plaintiffs against defendant Mayer for $119,291.40 was a result of the constructive trust imposed on defendant Mayer. Although the court further determined that defendant Mayer tortiously interfered with the contract between plaintiffs and defendant Riley, it made no specific finding of any damages flowing from defendant Mayer's malfeasance. The trial court stated that the tortious interference claim was "entirely independent of the conclusion that defendant Mayer was a constructive trustee for the property of plaintiffs." The trial court then assessed the $5,000 in punitive damages against defendant Mayer for his tortious interference.

It is a fundamental principle of law that punitive damages may not be awarded absent an award of actual damages. Section 13–21–102, C.R.S.1973; *Ress v. Rediess* 130 Colo. 572, 278 P.2d 183 (1954); *Enright v. Groves,* 39 Colo.App. 39, 560 P.2d 851 (1977); *Wagner v. Dan Unfug Motors, Inc.,* 35 Colo.App. 102, 529 P.2d 656 (1974). There being no award of actual damages on the claim of tortious interference against Mayer, an award of punitive damages cannot be sustained. Nor can the punitive damages be predicated upon the court's award on the basis of the constructive trust, as argued by plaintiffs, because, as a general rule, which we hold applicable here, punitive damages are not recoverable in equity. *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967); *Littlejohn v. Grand International Brotherhood of Locomotive Engineers,* 92 Colo. 275, 20 P.2d 311 (1933).

### V.

The issue raised in plaintiffs' cross-appeal, relating to the trial court's adjustment of the amount of judgment against defendants, has already been resolved by defendant Riley's posting of a bond which would satisfy plaintiffs' judgment against her.

Defendant Mayer's other contentions of error concerning the amount of damages are without merit.

Accordingly, the judgment is affirmed in all respects except as to the award of punitive damages against defendant Mayer, which award is reversed, and the cause is remanded to the trial court with directions

that it modify the judgment to delete the $5,000 punitive damages award.

PIERCE, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I respectfully dissent as to the reversal of the punitive damage award entered against Mayer.

The record in this case indicates that the trial was on issues framed in plaintiffs' second amended complaint. This complaint alleged that the acts of the defendants, because of Mayer's tortious interference with contract, had made specific performance impossible, and therefore, plaintiffs sought special and punitive damages. The trial court concluded that to allow Mayer to keep the profit he had garnered through his ownership and sale of the property would unjustly enrich him, and that plaintiffs were entitled to restitution for such amount. It entered judgment against Mayer in the sum of $119,291.80 to compensate for the lost profits suffered by plaintiffs as a consequence of his acts. The trial court then concluded that Mayer's conduct amounted to a tortious interference with contract.

To determine if a claim lies in equity or in law, one must analyze the pleading. In *Littlejohn v. Grand International Brotherhood of Locomotive Engineers,* 92 Colo. 275, 20 P.2d 311 (1933), there was an allegation of fraud and a prayer for injunctive relief plus special and punitive damages. The court held that insofar as classification was necessary the action was probably one at law. In *Wagner v. Dan Unfug Motors, Inc.* 35 Colo.App. 102, 529 P.2d 656 (1974), this court held that an award of special damages based on a fraudulent misrepresentation would sustain an award of punitive damages even though the award for general damages had been vacated.

Although, here, the trial court used traditional equity doctrine in computing damages for the injury suffered by plaintiffs because of Mayer's tortious interference, the award was for loss which specially flowed from the tort. Therefore, damages having in fact been granted, there is no merit to Mayer's contention that the punitive damages award lacks basis in actual damages.

Moreover, I do not agree with the majority that the injury and remedy sought by plaintiffs falls within the general rule that punitive damages are not recoverable in equity. *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967). *See generally D. Dobbs, Remedies,* § 3.9, and *C. McCormick, Damages* § 81. The modern trend is to allow punitive damages in addition to equitable relief if the injury is caused by a tort, *e.g.* fraud, *Rivero v. Thomas,* 86 Cal.App.2d 225, 194 P.2d 533 (1940); conversion by trustee, *Adam v. Harris,* 564 S.W.2d 152 (Tex.Civ. App.1978); or fraud as basis of rescission of contract, *Fousel v. Ted Walker Mobile Homes, Inc.,* 124 Ariz. 126, 602 P.2d 507 (1979).

Additionally, where distinct forms of action in law and equity have been abolished, the trend is to permit courts applying rules of equity to award punitive damages, if warranted, and when operating under a single form of civil action, courts may grant both legal and equitable relief. *See, e.g., Village of Peck v. Denison,* 92 Idaho 747, 450 P.2d 310 (1969); *Charles v. Epperson & Co.,* 258 Iowa 409, 137 N.W.2d 605 (1965); *Miller v. Fox,* 174 Mont. 504, 571 P.2d 804 (1977); *I.H.P. Corp. v. 210 Central Park South Corp.,* 12 N.Y.2d 329, 239 N.Y.S.2d 547, 189 N.E.2d 812 (1963). In Colorado *see* C.R.C.P. 1, C.R.C.P. 2, and *McKenzie v. Crook,* 110 Colo. 29, 129 P.2d 906 (1942); *Dunlap v. Sanderson,* 456 F.Supp. 971 (D.Colo.1978).

I would therefore affirm the judgment of the trial court.