Delos Higbie *vs.* Robert P. Farr and another.

December 2, 1881.

**Vendor and Purchaser — Construction of Contract — Provisions for Forfeiture.**—A written contract, executed between the plaintiff as the party of the first part, and the defendants as the parties of the second part, for the sale and conveyance by the plaintiff to the defendants of certain land, contained the following provisions: " But in case the said parties shall fail to make the payments aforesaid, or any of them, punctually, and upon the strict terms and time above limited, and to perform and complete all and each of this agreement and stipulation aforesaid strictly and literally, without any failure or default,—the times of payment being of the essence of this contract,—then the party of the first part shall have the right to declare this contract null and void; and all rights and interest hereby created or then existing in favor of the said second parties, or under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in said first party, without any declaration of forfeiture or act, or without any other act by said first party to be performed, and without any right of said second parties of reclamation or compensation for money paid or improvements made, as absolutely, fully and perfectly as if this contract had never been made; and for the performance of all and every article of agreement above mentioned, the said Delos Higbie and Robert P. Farr and John Hines do hereby bind themselves, their heirs, executors and administrators, each to the other, in the penal sum of $200, as liquidated damages, firmly by these presents." *Held*, that in case of default by the vendees in the performance of their covenant to pay the purchase-money, the contract became void only at the election of the vendor.

**Same—Provision for Liquidated Damages.**—*Held, further*, that the pro-. vision respecting the $200 liquidated damages was not intended in lieu of performance of the contract, and the vendees having made default in the payment of an instalment of the purchase-money, the vendor was entitled to bring and maintain an action on the contract to recover the amount of such instalment.

Appeal by defendants from a judgment of the district court for Steele county, where the action was tried by *Buckham*, J., without a jury.

*A. C. Hickman* and *Lovely & Morgan*, for appellants.

*Wheelock & Sperry*, for respondent.

CLARK, J.   On the 9th day of March, 1878, the plaintiff and the defendants entered into an indenture for the sale and conveyance of 160 acres of land by the plaintiff to the defendants.   The covenants therein, on the part of the defendants, are to pay $2,400 for the land, of which $100 was agreed to be paid on the first day of November, 1879; to pay a year's interest, at 10 per cent., on $2,300 of the purchase-money, on the same day, and annually thereafter on the unpaid balance thereof; to pay the annual taxes on the land; to break 45 acres in June and July, 1878; and to give the plaintiff a chattel mortgage each year on the growing crops, to secure the principal and interest falling due in such year, until $600 of the purchase-money should be paid.   The plaintiff covenants to convey the land to the defendants when $600 of the purchase-money is paid, taking a mortgage back for the balance.   Then follow these provisions: "But in case the said parties shall fail to make the payments aforesaid, or any of them, punctually, and upon the strict terms and time above limited, and to perform and complete all and each of this agreement and stipulation aforesaid strictly and literally, without any failure or default,—the times of payment being of the essence of this contract, —then the party of the first part shall have the right to declare this contract null and void; and all rights and interests hereby created or then existing in favor of the said second parties, or under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in said first party without any declaration of forfeiture or act, or without any other act by said first party to be

performed, and without any right of said second parties of reclamation or compensation for money paid or improvements made, as absolutely, fully and perfectly as if this contract had never been made; and for the performance of all and every article of agreement above mentioned, the said Delos Higbie and Robert P. Farr and John Hines do hereby bind themselves, their heirs, executors and administrators, each to the other, in the penal sum of $200, as liquidated damages, firmly by these presents." At the time of the execution of the contract, the defendants paid $100 of the purchase-money and were let into possession of the premises, and, after making improvements thereon of the value of $400, they assigned their rights and interest under the contract to others. The defendants failed to pay the instalment of purchase-money and interest falling due November 1, 1879, and this suit is on the contract to recover the same, no other breach being alleged.

It is claimed, in behalf of the defendants, that the plaintiff cannot recover, by reason of the provisions of the contract above quoted; their contention being, *first*, that by default of payment at the time, the contract became, *ipso facto*, void; and, *second*, that the plaintiff's only remedy for the breach was to sue for damages, liquidated by the agreement of the parties at $200.

The defendants expressly covenanted to pay the agreed purchase price and interest thereon, and although, in the clause making the time of payment of the essence of the contract, it is provided that, in case of default of payment at the time, the rights and interest of the vendees under the contract shall cease and determine, and the premises shall revert to the vendor without any declaration of forfeiture, it also provided that the vendor shall, in case of such default, *have the right to declare* the contract null and void, and that the premises shall revert without any *other* act to be performed by him. The intention of the parties, as gathered from a fair construction of all the language used, was that such consequences should follow a default only at the election of the vendor. *Collins* v. *Hasbrouck*, 56 N. Y. 157. It would be a strange and unnatural interpretation of the contract to conclude that the parties intended that the vendees might

relieve themselves from their covenants merely by failing to perform them.

The other position, having more immediate concern with the clause relating to what is claimed to be liquidated damages, is equally untenable. It is claimed, if we understand the position correctly, that either party had a right to discharge himself from the contract, upon the payment of $200 as liquidated damages; and, further, that the only remedy of either party for a breach by the other was on the covenant to pay these damages. But such could not reasonably be the intention of the parties. *Ayres* v. *Pease*, 12 Wend. 393. In all cases where a party relies on the payment of liquidated damages as a discharge, it must clearly appear that they were to be paid and received absolutely in lieu of performance. *Gray* v. *Crosby*, 18 John. 219. The parties certainly did not intend that the payment of the sum of $200 should absolve them from the whole contract, for it was partly performed on both sides immediately, by the payment of $100 of the purchase-money by the vendees, and by the surrender of possession of the premises by the vendor; and it could not reasonably have been their intention that either of the parties might, at any subsequent stage of performance, take advantage of his own default in one of his covenants to make the contract void, upon incurring a liability to the other of only $200. If so, the vendor might, after the payment to him of $600 of the purchase-money, together with the interest to that time, absolve himself from his covenant to convey the property, by merely incurring a liability to the vendees for $200. Although the nature of the provision with respect to the $200 was discussed at some length on the argument, it is unnecessary to consider it further, as the plaintiff does not seek to recover upon it in this action, and it is not available to the defendants as a defence thereto, for reasons already stated.

Judgment affirmed.