EDGAR M. WESTERVELT, Receiver, Appellant, v. JOHN M. HUISKAMP.

**Contract to Purchase:** FORFEITURE: *Vendor and vendee.* A contract for the sale of land on deferred payments, by the terms of which time is made an essential ingredient, and which provides that, on default in any payment, the contract, so far as it binds the vendor, shall be void, and all payments made shall be forfeited, does not leave performance optional with the purchaser; but on default, the vendor may elect to insist upon the forfeiture, or to waive it and enforce the contract, and the failure of the vendee to pay a purchase money note, does not, of itself, terminate such contract and release him from liability upon said note.

*Appeal from Keokuk Superior Court.*—HON. JOSEPH C. BURK, Judge.

FRIDAY, FEBRUARY 5, 1897.

ACTION at law, to recover an amount alleged to be due on a promissory note. There was a trial by jury, and a verdict for the defendant, on which a judgment for costs was rendered. The plaintiff appeals.—*Reversed.*

*H. Scott Howell & Son* for appellant.

*J. F. Smith* for appellee.

ROBINSON, J.—In March, 1890, the defendant gave to the United States Investment Company his promissory note for the sum of two hundred and fifty dollars, payable on the first day of January, 1892, with interest at the rate of six per cent. per annum.. The note was transferred to the Citizens National Bank of Grand Island, Nebraska. In December, 1893, that bank failed, and the plaintiff was appointed its

receiver.  He seeks to recover the amount of the note.  The defendant admits making the note, but alleges that it was a part of an optional contract for the purchase of land, a condition of which was, that in case of default in the payment of any of the notes given for the purchase price, the entire contract should be terminated, and the payments which had been made should be forfeited, and that, by reason of the default in the payment of the note in suit, the contract and the liability of the defendant on the note are at an end.  The defendant further avers, that the bank, of which the plaintiff is receiver, took the note with full knowledge of the conditions on which it was given.

I.  The appellee has filed an additional abstract to which there is no response, in which he denies that the appellant's abstract contains all the record in the case.  Some exceptions to rulings which were omitted from the abstract of the appellant, are given, and statements are made as follows:  "This abstract and abstract of the appellant, do not contain all the evidence.  This additional abstract will enable the court to partially understand the case, and it may be submitted, so far as the single point on instruction 18½ is made, without a transcript."  The abstract of appellant purports to contain all the evidence introduced on the trial, and, if it does not, the appellee should have set out all the omitted parts, or show some reason for not doing so.  The failure to set out evidence in the additional abstract, taken with the statements which we have quoted, shows an intention to waive all question as to the sufficiency of the abstract, to present the questions which are raised by the paragraph of the charge referred to, and no objection to the abstract is made in argument.  Therefore, we shall treat it as sufficient to enable us

to decide the questions we find it necessary to consider.

II.   Paragraph 18½ of the charge to the jury is as follows: "The jury are instructed that, under and by the terms of the written contract made between the United States Investment Company and the defendant, in connection with the note sued on in this case, said United States Investment Company, on default of payment by the defendant, of any of the notes given by virtue of said contract, became entitled to the right of possession of the land sold, and the contract became utterly null and void, so far as said company was concerned, and said property reinvested in said company, and they are entitled to hold all money received under said contract from defendant as a forfeit, but said company could not hold defendant liable upon any note or notes in default; and if you find, by a fair preponderance of the evidence, under these instructions, that the Citizens National Bank of Grand Island, Nebraska, at the time it is alleged it purchased the note in suit, had knowledge of the contract above, or bought said note after maturity, or for no valuable consideration, then plaintiff cannot recover in this action, and your verdict must be for the defendant.   The notes sued on are part of the contract for the conditional sale of lots in an addition in Grand Island, Nebraska, and must be construed together.   This contract gives the payee of the note, the investment company, the right to forfeit the payments now made, and keep the lots as their only remedy, if the notes given for the purchase are unpaid, or, if any of them are unpaid; and they are from that time without consideration.   The company having drawn their contract with the absolute terms that it becomes void without any other condition, they cannot collect the notes unpaid when default occurs."   The contract referred to provides for the sale to the defendant of

three lots in the city of Grand Island, Nebraska, for
the sum of seven hundred dollars, the receipt of one
hundred dollars of which is acknowledged. Three
promissory notes were given for the remainder of
the purchase price, of which the one in suit is the
third. The contract required the defendant to pay
promptly the three notes as they should become due, and
all taxes and assessments which should be lawfully im-
posed upon the premises sold, and provided that all
improvements placed upon the premises should
remain there until final payment should be made, and
that a deed for the premises should be given to the
defendant when the requirements of the contract
should be performed. The contract also contains the
following: "And it is hereby agreed and covenanted
by the parties hereto that time and punctuality are
essential ingredients in this contract, and, in case the
second party shall fail to make the payments afore-
said, and each of them, punctually, and upon the
strict terms and times above limited, and likewise to
perform and complete each and all of his agreements
and stipulations aforesaid, strictly and literally,
without any failure or default, then this contract, so
far as it may bind said first party [the United States
Investment Company] shall become utterly null and
void; and all right and interest hereby created or then
existing in favor of or derived from the second party,
shall utterly cease and determine, and the right of
possession, and all equitable and legal interests in the
premises hereby contracted, with all the improve-
ments and appurtenances, shall revert to and revest
in said first party, without any declaration of forfeit-
ure, or act of re-entry, or any other act by said first
party to be performed, and without any right of said
second party of reclamation or compensation for
moneys paid or services performed, as absolutely, fully,
and perfectly as if this contract had never been made.

And the said party of the first part shall have the right, immediately on the failure on the part of the second party to comply with the stipulations of this contract, or any part thereof, to enter upon the premises aforesaid, and take immediate possession thereof, without process of law, together with the improvements and appurtenances thereto belonging. And the said party of the second part covenants and agrees that he will surrender unto the party of the first part the said premises and appurtenances without delay or hinderance, and no court shall relieve the party of the second part from a failure to comply strictly and literally with the contract."

It is argued on the part of the appellee that the contract falls within section 3652 of the Code, which is as follows: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." But the theory thus presented is not the one on which paragraph $18\frac{1}{2}$ of the charge was given, and we do not find anything in the record to sustain it. The intent of the parties must be gathered from the language of the contract, and the real question presented for our determination is whether that provides that the failure of the defendant to pay any of the notes given as a part of it had the effect to terminate the contract and his liability on the note. If it does, then the contract is unilateral, to be performed, or not, as the defendant shall elect. It is well settled that such contracts may be made; but, before a contract can be held to be of that character, it must appear clearly and satisfactorily that the parties to it so intended. *Barrett v. Dean,* 21 Iowa, 426; *Nowlin v. Pyne,* 40 Iowa, 168. It is the general rule that a stipulation, in a contract for the sale of land, that it shall be void in case the purchaser

fails to perform the conditions of the contract, is for the benefit of the vendor, to be enforced or waived by him at his pleasure. *Sigler v. Wick*, 45 Iowa, 692. The rule is stated in Warville, Vend., 820, as follows: "A reserved right of forfeiture is the exclusive privilege of the vendor. If the vendee fails to fulfill the conditions of his agreement, the vendor may treat it as void or as in force. If money has been paid on the contract, he may retain it as a forfeit, or, if nothing has been received, he may elect to regard it in force, and sue for the purchase price, or he may declare it forfeited, and proceed for the recovery of the liquidated or other damages. The vendee, on the other hand, has no voice in terminating or continuing the agreement, and, even where an apparent option is given, where the contract provides that the purchase money shall be paid by installments, and that, if the purchaser at any time fails to meet his payments, he will surrender his possession of the land to the vendor, this does not entitle the purchaser to elect whether he will pay the purchase money, or surrender the possession of the land." We are of the opinion that the rule thus stated applies in this case. The contract under consideration does not clearly show that the parties to it intended that the vendee should have the right to terminate it by refusing to perform its conditions. On the contrary, it provides that his failure to perform his part of the agreement should, "so far as it may bind" the vendor, become null and void; thus indicating that the right to enforce a forfeiture was given to the vendor, and not to the vendee. Other portions of the agreement are in harmony with that interpretation, and we do not find anything which requires a different one. In the case of *Barrett v. Dean, supra,* a contract which provided that a failure of the vendee to perform any of its requirements should make it "thenceforth utterly

void" was held not to be terminated by such failure, where the vendor did not elect to give it that effect. That case was not in all respects like this, but the rule which governed it is applicable to this, and requires us to hold that the contract in question was not terminated by the failure of the defendant to pay the note in suit, and that he is liable on it. See, also, *Sigler v. Wick* and *Nowlin v. Pyne*, already cited; *Flanders v. Merrill*, 38 Iowa, 586; *Higbie v. Farr*, 28 Minn. 439 (10 N. W. Rep. 592); *Rourke v. McLaughlin*, 38 Cal. 196; *Wilcoxson v. Stitt*, 65 Cal. 596 (4 Pac. Rep. 629). The appellee relies upon the case of *Bradford v. Limpus*, 10 Iowa, 36, but the contract construed in that case is so unlike that involved in this, that they are not governed by the same rule.

It follows, from what we have said, that the paragraph of the charge which we have quoted was erroneous, and the judgment of the superior court is therefore REVERSED.