### No. 9449.

### CULLEN *v*. PARK CLUB LAND COMPANY.

CONTRACTS—*Construed.* A contract set forth that plaintiff had received of defendant $50.00, as part payment on the price of described real estate, that full payment of the total price, which was specified, was to be made in specified monthly installments, until a date named, when "the balance is to be paid." *Held* not an option, but an agreement to purchase.

That the vendor retained an option in case of the purchaser's default held immaterial.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

*In Department*

Mr. H. A. HICKS, for plaintiff in error.

Mr. W. H. MALONE and Mr. W. H. MALONE, Jr., and Mr. B. M. MALONE, for defendant in error.

Mr. Justice Burke delivered the opinion of the Court.

THIS was a suit by defendant in error against plaintiff in error (hereinafter designated as in the court below), upon a written instrument, the only portion of which necessary to an understanding of the case is as follows:

"CONTRACT OF SALE.

Denver, Colo., April 25th, 1916.

Received of Gertrude Cullen of the City and County of Denver and State of Colorado the sum of fifty dollars as part payment on purchase price of Lots Number 12, 13, N½ 14 in Block Number 9 in Park Club Place, an Addition to the City and County of Denver, Colorado. Full Purchase price of said property being Eighteen Hundred Seventy-five Dollars, payable as follows: Cash as above, Fifty Dollars; Twenty-five Dollars ($25.00) on the first day of each month commencing May 1st, 1916, for 12 months. Fifty Dollars ($50.00) per month thereafter commencing May 1st, 1917, until May 1st, 1919, on which date the balance of the purchase price is to be paid. All payments to be made at the office of the Company in the City of Denver. All deferred payments to bear interest at six per cent per annum, payable January 1st and July 1st in each year * * * * *.

Abstract of title will be furnished purchaser within 10 days.

Time is the essence of this contract, and the failure to make each and all of the several payments at the place and times herein specified, shall, at the election of the said Park Club Land Company, work an absolute forfeiture of all rights of the said purchaser under this contract, and in that case all payments on the purchase price aforesaid shall be forfeited to The Park Club Land Company, not as a penalty but as liquidated damages, the same being hereby agreed to be the reasonable compensation to be made on account of the failure to complete the purchase and take the property under this contract as above specified.

The purchaser agrees to pay all general taxes and all special assessments levied and assessed on this property for the year 1916 and thereafter.

GERTRUDE CULLEN.   (<em>Seal</em>)

THE PARK CLUB LAND COMPANY,

    By R. H. MALONE."

This instrument was set up in the complaint, and it was further alleged that the cash payment of $50.00 and monthly payments until October 1, 1916, were made; that thereafter defendant failed and refused to make further payments, or to pay interest on deferred payments, or to pay taxes. The answer admitted the execution of the instrument, admitted the payments and the failure to pay. The denials of this answer were confined to mere conclusions. Plaintiff filed a motion to strike out the answer, and for judgment on the pleadings. Whereupon the answer was amended, and thereafter judgment on the pleadings entered in favor of the plaintiff, and defendant brings error.

It is the contention of the plaintiff that this instrument is a contract for the sale of real estate, of defendant that it is only an option to purchase. This is the sole question in the case. If this is a contract for the sale of real estate the motion for judgment on the pleadings was properly sustained. If it is an option the ruling of the court below was error.

In the case of *Ide v. Leiser*, 10 Mont. 5, 11, 24 Pac. 695, 24 Am. St. Rep. 17, is given a very excellent definition of an option, and the distinction between this and an agreement to sell land is pointed out. An examination of the instrument in question, in the light of this authority, will disclose that it wholly lacks the distinguishing characteristics of an option. If it could in any respect be said to be an option to the plaintiff to purchase the land in question the cash payment of $50.00 was the consideration therefor and the plaintiff exercised that option and converted it into a contract of purchase and sale when she made the first of the monthly payments under it. But the fact is that by its positive language, i. e. "part payment of the purchase price", "full purchase price of said property", "balance of purchase price to be paid", "purchaser under this contract", "payments on the purchase price", it is a contract of sale. The only option it contains is an option to the vendor, in case of failure to make the payments called for, to declare it forfeited and retain the payments made. This option to the vendor to so elect he was in no way bound to exercise. Failing to so elect it stood as a contract of sale and vendor was entitled to bring suit for the unpaid purchase price, even had the instrument itself provided that upon failure to make the payments the contract should be held "void".

*Wilcoxson v. Stitt*, 65 Cal. 496, 4 Pac. 629, 52 Am. Rep. 310; *Smith v. Mohn*, 87 Cal. 489, 25 Pac. 696; *Westervelt v. Huiskamp*, 101 Ia. 196, 70 N. W. 125.

The instrument is a contract for the sale of land. The motion for judgment on the pleadings was properly sustained, and the judgment is affirmed.

Garrigues, C. J. and Allen J. concur.

Decided July 7, A. D. 1919. Rehearing denied October 6, A. D. 1919