## Nos. 11,530, 11531.

### SCHIFFNER v. CHICAGO TITLE & TRUST CO.

Decided March 22, 1926.   Rehearing denied April 19, 1926.

Action in unlawful detainer.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. VENDOR AND PURCHASER—*Contract.* It is immaterial whether a contract to convey land is designated a "contract to purchase" or a "contract of purchase."

2. *Purchase—Conveyance.* A purchase of land is not consummated until there is a conveyance. A contract of purchase and sale is not a conveyance.

3. MORTGAGES—*Title.* There can be no mortgage unless the mortgagor has real estate to pledge.

4. UNLAWFUL DETAINER—*Sale and Purchase—Contract.* Where a vendor of land, having obtained possession under a contract of sale and purchase, fails to carry out his agreement, the vendor has a right to proceed under the unlawful detainer act to regain possession.

5. FRAUD—*Vendor and Purchaser.* Fraud inducing a party to agree to purchase land does not give him the right of possession if he fails to carry out his agreement.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

These are two cases consolidated. Each is an action for unlawful detention, in which there was a judgment for plaintiff. The causes are before us upon an application for supersedeas by defendant who sued out these writs of error.

In each case, the plaintiff below proceeded under section 6369, C. L. 1921, and particularly the ninth subdivision thereof. The statute, so far as relied on by plaintiff, reads as follows: "Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases:  *  *  *

"Ninth. When a vendee, having obtained possession under an agreement to purchase lands, or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor being duly made."

It is conceded that defendant was in possession of the real estate in controversy as the result of having entered into a contract with plaintiff in November, 1920; that he had failed to comply with the agreement, and that a demand for possession had been duly made by plaintiff. The contention of defendant is, however, that the agreement in question is not "an agreement to purchase," within the meaning of the statute above quoted.

The contract provides:

"The purchaser hereby purchases, and the vendor hereby sells and agrees to convey and transfer to the purchaser upon the performance by him of the terms and conditions of this agreement the following described land," etc.

The contract further provides, among other things, that when the purchaser has paid to the vendor all the principal and interest under the agreement, the vendor agrees to deliver a good and sufficient deed to the land. The purchase price, amounting to approximately $8,000 in each case, was payable in installments. Other provisions of the contract are to the effect that purchaser shall

surrender possession of the land in case of default in the payments and other contingencies.

Plaintiff in error, defendant below, contends that this was not a "contract to purchase," but was a contract "of purchase." It is not material whether the contract should be designated one way or the other. It was not a conveyance, but was a contract *to* convey. *Williams v. Paine,* 169 U. S. 55, 18 Sup. Ct. 279, 42 L. Ed. 658. If it was a contract to convey, on the part of plaintiff, it was an agreement "to purchase," on the part of defendant, since one cannot purchase unless another sells. A purchase is not consummated until there is a conveyance.

Plaintiff in error further points out the difference between an absolute sale and a conditional sale, but that matter has no bearing here as the contract was not a sale, in the sense of a conveyance, of any kind.

It is next argued that the contract must be treated as an equitable mortgage, but there can be no mortgage of any kind unless the mortgagor has some real estate to pledge. This the defendant did not have. Whatever rights, either legal or equitable, he had in the land did not affect the contract in question in its character as an agreement to purchase. Being such an agreement, the plaintiff had the right to proceed under the unlawful detainer act above quoted.

It is also contended that the court erred in striking from the answer certain alleged equitable defenses. None of these are shown to have any bearing upon defendant's right to possession. If, as defendant claims, there was some fraud on the part of plaintiff vendor, in inducing defendant to agree to purchase the land, that does not give defendant any right to possession.

There is no error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.