**Paul P. WU and Susan M. Wu,**
**Plaintiffs-Appellees,**

v.

**Robert G. GOOD and Mary S. Good,**
**Defendants-Appellants.**

No. 84CA0098.

Colorado Court of Appeals,
Div. I.

April 24, 1986.

Rehearing Denied May 22, 1986.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Dailey, Goodwin & O'Leary, P.C., Clive A. O'Leary, John L. Dailey, Aurora, for plaintiffs-appellees.

John E. Popovich, Jr., Denver, for defendants-appellants.

ENOCH, Chief Judge.

In this forcible entry and detainer (F.E.D.) action, defendants, Robert and Mary Good (buyers), appeal from the trial court's judgment awarding possession of certain real property and damages, to plaintiffs, Paul and Susan Wu (sellers). We affirm in part and reverse in part.

In April of 1980, buyers and sellers entered into an installment land contract for the purchase and sale of an apartment building, buyers paying sellers $50,000 as down payment toward the full purchase price of $390,000. The contract provided that buyers pay $2,954 monthly to be applied to the balance due, and pro rata esti-mated annual taxes and insurance premiums. To facilitate monthly payments to sellers and three prior owners of the property, the parties executed an escrow agreement when they executed the contract. Sellers and the third parties received payments directly from the escrow agent until May 1982 when the agent became insolvent. At that time buyers wrote to sellers and the three prior owners, agreeing to pay each his share on a monthly basis. They did so pay until March of 1983, when they attempted, by letter, to establish a new escrow agreement. The agreement was never completed, and although buyers continued to pay sellers' $276 share of the monthly payment, they no longer paid the three prior owners.

On July 6, 1983, sellers filed this F.E.D. action, claiming that buyers were in default on their obligation under the installment land contract and requesting recovery of possession of the property, damages, and costs. They posted a demand for payment or possession of the property in compliance with §§ 13-40-104(1)(i) and 13-40-106, C.R.S.

At a July 28 hearing, the court denied buyers' motion to dismiss and retained jurisdiction over sellers' F.E.D. action. However, it ordered dismissal of the action if buyers cured all liability to sellers within 60 days, and arranged a satisfactory escrow agreement for future monthly payments. On October 11, 1983, the court found that buyers had not yet complied with the two conditions, but stayed its order for possession ten days to allow buyers time to offer proof that the delinquency had been paid. Buyers offered no explanation for their refusal to comply with the court's conditions except to reiterate that they only owed sellers $276 per month and were not delinquent in paying that amount. A writ of restitution awarding sellers possession of the property was entered on October 24, 1983. On November 22, 1983, the court conducted a separate hearing on damages and awarded sellers $36,783.46.

## I. Possession of Property

Buyers contend that the court exceeded its jurisdiction in this F.E.D. proceeding by

awarding sellers possession of the property after finding that they were not delinquent in their payments to sellers. We disagree.

■ Buyers first argue that the court treated this action as a "quasi-foreclosure" proceeding and they should, therefore, be entitled to an equitable right to redeem as required by the law of foreclosure. We do not agree that the court treated this case as anything other than an F.E.D. action. Throughout the proceedings, the court properly limited the issue to the sellers' right to possession and damages. *See Beman v. Rocky Ford National Bank*, 100 Colo. 64, 65 P.2d 708 (1937). Moreover, because the issues here are possession and damages for unlawful detainer, and not issues of title, we need not decide whether an equitable right to redeem must be afforded every defaulting buyer.

■ After giving buyers 60 days within which to comply, the court further stayed its order of possession 10 days so that buyers could offer proof of compliance, which they failed to do. Buyers are not entitled to relief from a forfeiture where, as here, they made no attempt to cure their default within the time specified, and where their default was not caused by fraud, ignorance not willful, surprise, accident or mistake. *American Mortgage Co. v. Logan*, 90 Colo. 157, 7 P.2d 953 (1932).

Nor does the record support buyers' contention that the court found they were not delinquent in their payments to sellers. Rather, the court concluded that because buyers had not paid the full amount of $2,954 plus taxes and insurance owed sellers each month, they were in default under the contract. On that basis, it concluded sellers were entitled to possession of the property as permitted under the F.E.D. provisions, § 13–40–101, et seq., C.R.S.

## II. Amount Payable by Buyers to Sellers

■ There is no merit to buyers' argument that the installment land contract language providing that they assumed no prior encumbrances clearly indicated that they were not obligated to sellers for more than $276 a month. The contract provided:

> "Seller represents that all payments due on existing encumbrances have been paid. It is understood that purchaser does not assume the prior encumbrances on the property, and that seller shall make all payments thereon as they become due and owing, and shall fully discharge said encumbrances prior to or simultaneously with delivery of deed to purchaser...."

The above language supports a finding that sellers were responsible for discharging all prior liens of record before delivering the deed to buyers, but it does not affect buyers' obligation to sellers or payments owed by sellers to third parties.

Accordingly, we agree with the court's conclusion that buyers were liable solely to sellers for the full $2,954 plus insurance and taxes each month; it was actually sellers, not buyers, who owed monthly payments to the prior owners. Further, the court correctly concluded that, notwithstanding the escrow agent's insolvency, buyers' obligation to sellers remained unchanged.

■ Nevertheless, in further support of their contention that they owed sellers only $276 a month, buyers argue that their letter promising to pay sellers that amount, and sellers' subsequent acceptance of that amount each month, constituted an accord and satisfaction, discharging them of liability for any greater amount. However, sellers' acceptance of buyers' promise to pay was conditional on buyers' full compliance with the terms of the letter. Since buyers failed to make payments to the three prior owners as they promised, sellers' acceptance of only $276 each month could not. constitute an accord and satisfaction relieving buyers of liability for the remaining $2,677. An accord without a satisfaction does not constitute a defense. *Hinkle v. Basic Chemical Corp.*, 163 Colo. 408, 431 P.2d 14 (1967).

## III. Exclusivity of Remedy

■ Buyers also argue that the language in the installment land contract re-

quiring notice and liquidated damages in case of default sets forth sellers' exclusive remedy and that, therefore, the court should have dismissed the action upon finding that buyers had not complied with those provisions. To support their contention, buyers rely on the following contract language:

"In the event of default by purchaser under the terms of this agreement, seller *may* give written notice of such default to purchaser, and if said default is not corrected within 30 days of such notice, the seller shall give a written affidavit to the escrow agent stating (1) that such default has occurred, (2) that notice has been given, and (3) that said default has not been corrected...." (emphasis added)

We agree with the court's conclusion that the word "may" in the contract implies a permissive remedy and does not bar sellers from seeking other remedies available to them such as an action in F.E.D.

### IV. Damages

Buyers next argue that the court erred in awarding sellers damages commencing from the time of buyers' default under the contract, rather than from the time of sellers' demand for possession of the property. We agree.

■ One who prevails in an F.E.D. action is "entitled to recover damages, reasonable attorney's fees, and costs." Section 13–40–123, C.R.S. (1985 Cum.Supp.). The amount of damages that a prevailing seller may recover is the reasonable value of the use of the premises for the period during which the defaulting buyer continued in unlawful detainer. *See Merkowitz v. Mahoney,* 121 Colo. 38, 215 P.2d 317 (1949); *Barlow v. Hoffman,* 103 Colo. 286, 86 P.2d 239 (1938). A buyer is guilty of an unlawful detention only after the seller has made a demand for possession upon him. *See Hix v. Roy,* 139 Colo. 457, 340 P.2d 438 (1959); *Doss v. Craig,* 1 Colo. 177 (1869).

■ Here, the court erred in awarding sellers $36,738, the full amount of damages claimed by them and the amount which could have been awarded had they chosen a contract remedy. This amount improperly included taxes, insurance, and monthly payments owed from the time of buyers' default under the contract, through the period of unlawful detainer. Therefore, on remand, the court should award sellers only the reasonable value of the use of the property commencing from the time of their demand for possession through the period of unlawful detention. *See Rubel-Jones Agency, Inc. v. Jones,* 165 F.Supp. 652 (W.D.Mo.1958).

### V. Indispensable Parties

■ Finally, buyers argue that the trial court erred in holding that the three prior owners of the subject property were not indispensable parties. We disagree.

This being an F.E.D. action, the presence of these prior owners was not essential for a complete adjudication of the controversy because the only issues before the court were possession and damages as between buyers and sellers. There was no contractual obligation on the part of the buyers to make payments to the prior owners, and the prior owners had no interest in possession of the property. Therefore, the court was correct in holding that they were not indispensable parties under C.R.C.P. 19. *See Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963).

Because of our holding in part IV, we deny sellers' request for sanctions under C.A.R. 38.

That portion of the trial court's judgment awarding sellers possession of the property is affirmed, and that portion of the judgment awarding sellers damages is reversed. The cause is remanded for a hearing to determine the amount of damages in accordance with the standard stated in this opinion.

KELLY and BABCOCK, JJ., concur.