Anthony GROMBONE and Sharon V. Grombone, Plaintiffs–Appellees,

v.

Patricia S. KREKEL and Dennis W. Buckles, Defendants–Appellants.

No. 85CA0913.

Colorado Court of Appeals, Div. IV.

March 10, 1988.

Dailey, Goodwin & O'Leary, P.C., John L. Dailey, Clive A. O'Leary, Denver, for plaintiffs-appellees.

Arthur M. Schwartz, P.C., Michael W. Gross, Denver, for defendants-appellants.

METZGER, Judge.

The defendants, Patricia Krekel and Dennis Buckles, appeal the judgment awarding damages to plaintiffs, Anthony and Sharon Grombone, for breach of an installment land contract. We affirm in part, reverse in part, and remand with directions.

On March 6, 1979, plaintiffs sold an apartment building to C. Ross and Ida Binding, pursuant to an installment land contract. The Bindings assigned their purchaser's interest to the defendants on September 26, 1983.

In the year following the sale, the defendants made only four monthly payments on the contract, the last being in January of 1984. Additionally, despite provisions in the contract, defendants failed to pay 1984 taxes, failed to remedy their predecessor's failure to pay 1982 and 1983 taxes, failed to purchase and maintain insurance on the building, and failed to pay sewer and water charges. The defendants also allowed the building to deteriorate, causing all tenants to move and resulting in the Board of Public Health declaring the building unsafe for human habitation.

On September 4, 1984, plaintiffs brought a combined action seeking to quiet title in themselves pursuant to C.R.C.P. 105, for immediate possession and damages, pursuant to the Forcible Entry and Detainer Act, § 13–40–101, et seq., C.R.S. (1987 Repl.Vol.

6A), and for breach of the installment land contract.

The trial court entered an order granting possession of the property to plaintiffs on September 27, 1984. All damages issues were reserved until a hearing could be held.

After a subsequent hearing held in February 1985, the trial court found and concluded that plaintiffs were entitled to $38,-243.38 in damages. The court declared a forfeiture of defendants' interest, denied any equitable relief to defendants, and quieted title to the property in plaintiffs. This appeal followed.

I.

Defendants first argue that the trial court erred in allowing the plaintiffs to proceed by an F.E.D. action, rather than requiring them to treat the installment land contract as a mortgage and thus proceed by way of foreclosure. We do not agree.

The decision whether an installment land contract is to be treated as a mortgage is committed to the sound discretion of the trial court, based upon the facts presented. *Woods v. Monticello Development Co.*, 656 P.2d 1324 (Colo.App.1982). There are numerous Colorado decisions which have required that an installment land contract must be foreclosed as a mortgage. *See Rocky Mountain Gold Mines, Inc. v. Gold, Silver & Tungsten, Inc.*, 104 Colo. 478, 93 P.2d 973 (1939); *Fairview Milling Corp. v. American Mines & Smelting Co.*, 86 Colo. 77, 278 P. 800 (1929); *Pope v. Parker*, 84 Colo. 535, 271 P. 1118 (1928). There are also many cases which have refused to treat such an agreement as a mortgage. *See Self v. Watt*, 128 Colo. 61, 259 P.2d 1074 (1953); *Miller v. Temple*, 120 Colo. 546, 211 P.2d 989 (1949); *American Mortgage Co. v. Logan*, 90 Colo. 157, 7 P.2d 953 (1932); *Schiffner v. Chicago Title & Trust Co.*, 79 Colo. 249, 244 P. 1012 (1926); *see also* Sobol, *Relief Upon Default Under a Contract for Purchase and Sale of Land*, 29 Dicta 7 (1952); Walker, *Vendor's Remedies Under Colorado Executory Land Contracts*, 22 Rocky Mtn. L.Rev. 296 (1950).

■ The factors to be used by the trial court in determining whether to treat an installment land contract as a mortgage include the amount of the vendee's equity in the property, the length of the default period, the willfulness of the default, whether the vendee has made improvements, and whether the property has been adequately maintained. *Woods v. Monticello Development Co., supra; Terre Grande, Inc. v. Four Corners Oils & Minerals Co.,* 262 F.Supp. 964 (D.Colo.1967). The trial court's decision in this regard will not be disturbed if there is evidence to support its exercise of discretion. *See Woods v. Monticello Development Co., supra.*

■ Here, the trial court found that the defendants defaulted on virtually all of their contract obligations and made no attempt to cure such defaults despite plaintiffs' repeated demands. The record shows that, although defendants were credited with a down payment of approximately $35,000, they actually made only four monthly payments, and then failed to make any further payments. Their total equity was slightly more than 10 percent of the purchase price. The defendants failed to pay taxes, insurance, and sewer and water charges. The record also shows that, during the time defendants were in possession, they made no improvements to the property; instead, they allowed the property to deteriorate to such a degree that all of the tenants moved out.

Under these circumstances, the record fully supports the trial court's decision.

## II.

The defendants next argue that the trial court erred in ruling that defendants forfeited their interest in the property and in denying them a period of time for equitable redemption. Again, we disagree.

It is fundamental law that equity abhors forfeiture. In *Gore Trading Co. v. Alice,* 35 Colo.App. 97, 529 P.2d 324 (1974), this court stated:

"Where a purchaser has substantially performed his duties under a contract for sale of real property, a court of equity will not require him to forfeit the interest he has acquired without allowing him a period of redemption...."

Indeed, courts have allowed a period for equitable redemption, even where the purchase and sale contracts have not specifically provided for such relief. *Woods v. Monticello Development Co., supra; Ulander v. Allen,* 37 Colo.App. 279, 544 P.2d 1001 (1976). However, whether to afford equitable relief is a matter within the discretion of the trial court. *Woods v. Monticello Development Co., supra.*

The defendants argue that the trial court's findings are insufficient to support its decision to declare a forfeiture and deny equitable redemption. However, in support of the order of forfeiture, the trial court's judgment states that: (1) defendants failed to comply with the contract or to make eight of twelve monthly payments as required; (2) the plaintiffs made demand for payment or possession; (3) the defendants did not make payments or surrender possession; and (4) possession was granted to plaintiffs only after a court order entered. The defendants' failure to comply with the terms of the contract was specifically cited as the reason for the forfeiture.

■ The court further found that defendants' failure to make these monthly payments and to pay any insurance, taxes, or water and sewer expenses in defiance of plaintiffs' repeated demands provided grounds for denial of equitable relief. In essence, defendants performed none of their contractual obligations except payment of the first four monthly principal installments. Thus, there was no compliance with the contract terms which would justify equitable relief. Accordingly, given these unique facts, the court properly declared a forfeiture and denied defendants any equitable relief.

## III.

The defendants also contend that the language in the installment land contract, providing for liquidated damages and recovery of title, is plaintiffs' sole remedy, and that damages cannot also be awarded pursuant

to the F.E.D. action. In the alternative, defendants argue that the trial court erred in awarding damages in the F.E.D. action, measured by the breach of contract. We agree in part.

 The installment land contract provides that the plaintiffs *may* notify the defendants of the default and demand a cure. However, the use of the word "may" implies a permissive remedy, and does not bar the plaintiffs from seeking other remedies available to them, such as an action in F.E.D. *Wu v. Good,* 720 P.2d 1005 (Colo. App.1986). Thus, we find no error in allowing plaintiffs to pursue their claims under the F.E.D. statute.

However, we do find error in the trial court's damages award. A seller of property may sue for breach of the contract, and receive damages measured from the breach. *Wu v. Good, supra.* However, one who sues and prevails in an F.E.D. action is entitled only to recover possession, damages, reasonable attorney fees, and costs. *Wu v. Good, supra;* § 13–40–123, C.R.S. (1987 Repl.Vol. 6A). The amount of damages that a plaintiff may recover in an F.E.D. action is the reasonable rental value of the use of the premises for the period during which the defaulting party continued in unlawful detainer. *Wu v. Good, supra; see Merkowitz v. Mahoney,* 121 Colo. 38, 215 P.2d 317 (1949). Moreover, a buyer is guilty of an unlawful detention only after the seller has made a valid demand for possession upon him. *Wu v. Good, supra; see Hix v. Roy,* 139 Colo. 457, 340 P.2d 438 (1959).

Here, the trial court erred in awarding $38,243.38. The plaintiffs did not seek a breach of contract remedy. Instead, they sought possession, to have title quieted in them, and damages only for the unlawful detainer. Hence, the trial court improperly awarded damages measured by the breach of contract. Therefore, the damages award may not stand.

Based upon our resolution of the foregoing issues, we need not address defendants' remaining contentions.

The judgment is affirmed in all respects except as to the damages awarded. The amount of damages awarded is reversed, and the cause is remanded for further proceedings and an award of damages as provided in § 13–40–123, C.R.S. (1987 Repl. Vol. 6A).

KELLY, C.J., and SMITH, J., concur.