Christel R. STEINHOFF, Plaintiff–Appellant,

v.

Marjorie FISCH, S.T. Pfeffer, Marvin S. Lewis, Evelyn Jo Lewis, Stephen C. Barber, and Judy Jaye Barber, Defendants–Appellees.

Nos. 91CA1180, 91CA1218 and 91CA1249.

Colorado Court of Appeals, Div. V.

Aug. 27, 1992.

As Modified on Denial of Rehearing Oct. 8, 1992.

Certiorari Denied March 8, 1993.

Gessling & Minton, Jonathan J. Hellman, Englewood, for plaintiff-appellant.

Weaver, Oppenheim, Wittebort, P.C., John P. Oppenheim, Englewood, for defendant-appellee Marjorie Fisch.

John M. Meininger, Denver, for defendant-appellee S.T. Pfeffer.

Dailey, Goodwin & O'Leary, P.C., John L. Dailey, M. Claire McLaughlin and Clive A. O'Leary, Denver, for defendants-appellees Marvin S. Lewis, Evelyn Jo Lewis, Stephen C. Barber and Judy Jaye Barber.

Opinion by Judge VAN CISE *.

Plaintiff, Christel R. Steinhoff, appeals the summary judgment entered in favor of defendants, Marjorie Fisch, S.T. Pfeffer, Marvin S. Lewis, Evelyn Jo Lewis, and Stephen C. and Judy J. Barber (collectively, buyers). We reverse and remand with directions.

In 1979, using a standard form installment land contract, Christel R. and Harold G. Steinhoff sold real property to defendant Fisch and Richard Pfeffer. In 1982, Richard Pfeffer assigned his interest to defendant S.T. Pfeffer, who assumed Richard Pfeffer's obligations under the contract. Later in 1982, defendants Fisch and S.T. Pfeffer assigned their interests to Western Sky Association, Ltd. In 1986, it assigned its interest to defendants Marvin S. and Evelyn J. Lewis and Stephen C. and Judy J. Barber, who assumed Fisch's and S.T. Pfeffer's obligations under the contract. In that same year, Harold G. Steinhoff assigned his interest to Christel R. Steinhoff (seller).

Upon default in payments, seller brought this action to recover the balance of the purchase price due under the contract. Buyers moved for summary judgment, claiming that specific language in the contract limited seller to acceptance of forfeiture of buyers' interest in the property as her exclusive remedy. The trial court agreed with buyers and granted their motion. This appeal followed.

The trial court found that seller was limited to the exclusive remedy of forfeiture based upon default provisions contained in paragraphs 3 and 6 of the contract.

The relevant portions of paragraph 3 were typed additions to the pre-printed installment land contract form that the trial court found to be a bargained-for clause inserted with consent of all parties to the contract. It reads as follows:

> Failure to pay each and every monthly installment in full as and when due shall constitute an event of default hereunder and [buyers] shall forfeit all [their] interest in said property to Seller.

The relevant portions of paragraph 6 provide that, in the event of default by buyers:

> the interests of the [buyers] shall be forfeited, the escrow agent shall deliver the deed to the seller and the seller shall be entitled to immediate possession of the premises and may retain all moneys paid by the [buyers] as liquidated damages.

The trial court characterized both paragraphs 3 and 6 as remedy clauses, but determined that, while under paragraph 6 the parties are "free to provide for the remedy of their choosing," the typed portion of paragraph 3 is "unequivocally mandatory on the subject of forfeiture as the remedy of seller in the event of non-payment." The trial court thereafter characterized these clauses as conflicting and applied general rules of contract construction leading it to conclude that paragraph 3 prevails over paragraph 6 because it is typed, first in priority, and mandatory.

■ Seller contends that the contract clauses in question are not conflicting. She maintains that the generally accepted meaning of the typed provision of paragraph 3 is to accord the seller a choice of remedies in the event of the buyers' default. Thus, she argues, the trial court incorrectly declined to apply case law expounding this general principle. We agree.

The trial court found that, under paragraph 3, the parties had chosen a remedy of forfeiture of the property by the buyers, with liquidated damages as provided under paragraph 6. It determined that the parties were free to provide for such an exclu-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

sive remedy of their choosing based upon the rationale expressed in *Armstrong v. Irwin*, 26 Ariz. 1, 221 P. 222 (1923).

In addition, and contrary to seller's urging, the court declined to apply the rationale expressed in *Wilcoxson v. Stitt*, 65 Cal. 596, 4 P. 629 (1884), wherein the court construed similar contract provisions and concluded that elective remedies were available.

The trial court's reliance upon *Armstrong v. Irwin, supra*, and associated cases is misplaced. The relevant contract provision interpreted by the *Armstrong* court provided that, upon default in the payment of an installment, "the [buyer] shall forfeit to the [seller] all moneys that shall have been paid as liquidated damages and as compensation for the use and occupation of said premises." The *Armstrong* court characterized this agreement as a contract with option to purchase rather than an absolute contract of purchase and sale.

Subsequently, in *Treadway v. Western Cotton Oil & Ginning Co.*, 40 Ariz. 125, 10 P.2d 371 (1932), the same court held that:

We are of the opinion that the contract in question is one of purchase and sale, rather than an option of purchase, and that the rule laid down in *Armstrong v. Irwin, supra*, does not apply, but rather the principles set forth in *Wilcoxson v. Stitt, supra*, and the cases which follow it, to the effect that a provision for an avoidance of a contract in case of default by the [buyer] is effective only at the will of the [seller].

In *Wilcoxson v. Stitt, supra*, the court construed a clause in a contract for the purchase and sale of real estate which provided that:

In the event of failure to comply with the terms and all the conditions hereof by [the buyer], [the seller] shall be released from all obligations, either in law or equity, to convey said property or any part thereof, and the said [buyer] shall forfeit all right thereto, and this agreement shall be void.

The court held that the meaning of this clause in the agreement is that "such agreement is void only at the election of the [seller], who can avoid it or enforce it at his option."

The Colorado Supreme Court followed the holding in *Wilcoxson, supra*, when it construed a land sale contract containing the provision that failure by buyer to make each installment payment "shall, at the election of the [seller], work an absolute forfeiture of all rights of the said [buyer] under this contract, and in that case all payments on the purchase price aforesaid shall be forfeited to the [seller] as liquidated damages." *Cullen v. Park Club Land Co.*, 67 Colo. 210, 184 P. 303 (1919).

The *Cullen* court held that this clause provided the seller with the option, upon default by buyer, to elect to declare a forfeiture and retain the payments made. It then held:

Failing to so elect, it stood as a contract of sale, and [seller] was entitled to bring suit for the unpaid purchase price, *even had the instrument itself provided that upon failure to make the payments the contract should be held void.* (emphasis supplied)

*Wilcoxson v. Stitt, supra*, was cited as authority in this statement.

The language of the clause which the court construed in *Wilcoxson, supra*, is substantially similar to the language contained in paragraph 3 quoted above. Accordingly, an interpretation conforming to the *Cullen* court's holding, and applying the rationale of *Wilcoxson v. Stitt, supra*, is warranted.

Therefore, the trial court's refusal to apply this rationale here was in error. *See also Glacier Campground v. Wild Rivers, Inc.*, 182 Mont. 389, 597 P.2d 689 (1978) (Upon default, the seller may elect whether to declare a forfeiture or sue for the purchase price.).

 Moreover, the language in paragraph 6 regarding liquidated damages is not mandatory. Rather, that clause provides that, upon default, the seller "may retain all moneys paid by the [buyer] as liquidated damages." Use of the word "may" implies a permissive remedy and

does not bar an action seeking other remedies. *Wu v. Good,* 720 P.2d 1005 (Colo. App.1986). Hence, this clause further suggests that the seller may elect her chosen remedy upon default by the buyers. *Cf. DeFeyter v. Riley,* 43 Colo.App. 299, 606 P.2d 453 (1979) (If the buyer has agreed to purchase the property, the presence of a liquidated damages clause does not convert the agreement into an option to purchase.).

The summary judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion, including consideration of defendants Fisch's and S.T. Pfeffer's cross-claims.

HUME and MARQUEZ, JJ., concur.