RENCO ASSOCIATES, a California general partnership; and Renco Properties VIII, a California general partnership, d/b/a Southbridge Plaza TIC, tenants in common, Plaintiffs–Appellants,

v.

D'LANCE, INC., a Colorado corporation, d/b/a D'Lance Golf; and Daniel Sueltz, a/k/a Dan Sueltz, Defendants–Appellees.

No. 08CA1572.

Colorado Court of Appeals, Div. VI.

June 11, 2009.

Robert W. Smith, Denver, Colorado, for Plaintiffs–Appellants.

Campbell Bohn Killin Brittan & Ray, LLC, James D. Thorburn, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge LOEB.

In this forcible entry and detainer (FED) action, plaintiffs, Renco Associates and Renco Properties VIII (collectively landlord), appeal that aspect of the judgment against defendants, D'Lance, Inc. and Daniel Sueltz

(collectively tenant), in which the trial court limited landlord's evidence of damages at trial to the reasonable rental value of the use of the premises during the period of unlawful detainer. Because we conclude that the FED statutes also allow landlord to seek and recover an award of past due rent, we reverse the judgment and remand the case for a new trial.

## I. Background

Landlord and tenant entered into a written retail lease agreement. On November 21, 2006, landlord filed a complaint in unlawful detainer against tenant, alleging that tenant had defaulted under the lease by failing to pay monthly installments of base rent and certain other charges defined as additional rent under the lease, and by failing to vacate the premises upon termination of the lease. The complaint also alleged that landlord had complied with all terms of the lease and that it had served tenant with the required demand for payment of rent or possession of the premises. *See* section 13–40–104(1)(d), C.R.S.2008 (period of unlawful detainer triggered by default in payment of rent and three days' notice in writing requiring payment of rent or possession of the premises). As pertinent here, the complaint sought relief in the form of recovery of possession of the property and a judgment for unpaid rent and interest through the date of the judgment.

Prior to trial, tenant filed a motion in limine to limit landlord's presentation of damages to the reasonable rental value of the use of the premises during any period of unlawful detainer, arguing that those were the only damages recoverable in an FED action.

Landlord responded that it was entitled to recover past due rent in an FED action under sections 13–40–110(1) and 13–40–115(2), C.R.S.2008, and that, under *Schneiker v. Gordon*, 732 P.2d 603, 612 (Colo.1987), the measure of damages under a commercial lease was "the amount it takes to place the landlord in the position [it] would have occupied had the breach not occurred."

On the morning of trial, relying on *Woznicki v. Musick*, 119 P.3d 567 (Colo.App.

2005), *overruled on other grounds by Trattler v. Citron*, 182 P.3d 674 (Colo.2008); *Behr v. Burge*, 940 P.2d 1084 (Colo.App.1996); *Grombone v. Krekel*, 754 P.2d 777 (Colo.App. 1988); and *Wu v. Good*, 720 P.2d 1005 (Colo. App.1986), the trial court granted tenant's motion. The court concluded that, because the character of the proceeding was an FED action, landlord's damages were limited to the reasonable rental value of the use of the premises for the period of unlawful detainer.

Landlord moved the court to reconsider its order, arguing that pleadings must be liberally construed in favor of the pleading party and that landlord's complaint pleaded a claim for breach of contract based on unpaid rent. With the permission of the court, landlord also submitted an offer of proof regarding its claimed damages, which calculated the reduced damages it suffered during the period of unlawful detention as $2,042.29 and its total damages, including past due rent, as $87,263.10.

The court denied landlord's motion to reconsider, concluding that landlord (1) was not entitled to recover damages for breach of contract (including unpaid rent) in an FED action and (2) did not plead a claim for breach of contract because it did not expressly identify a breach of contract claim in the complaint.

That same day, the court, in accordance with landlord's offer of proof, entered judgment in favor of landlord and against tenant in the amount of $2,042.29, plus costs and interest. The sole issue on appeal is whether the trial court erred, as a matter of law, in concluding that landlord could not maintain a claim for past due rent as part of its FED action.

## II. FED Statutes

Landlord contends that the trial court erred and abused its discretion by limiting the evidence of damages to the reasonable rental value of the use of the premises during the period of tenant's unlawful detainer, because sections 13–40–110(1) and 13–40–115(2) expressly allow landlord to recover past due rent in an FED action. We agree that the FED statutes allow a plaintiff to recover past

due rent under a lease, in connection with an FED action.

We review de novo the interpretation of a statute. *See Gumina v. City of Sterling,* 119 P.3d 527, 530 (Colo.App.2004). In interpreting statutes, we endeavor to do so "in strict accordance with the General Assembly's purpose and intent in enacting them." *In re 2000–2001 Dist. Grand Jury,* 97 P.3d 921, 924 (Colo.2004); *see also Martin v. People,* 27 P.3d 846, 851 (Colo.2001). To determine that intent, we first look to the statute's plain language and, when that language is clear, we must apply the statute as written. *See 2000–2001 Dist. Grand Jury,* 97 P.3d at 924; *Martin,* 27 P.3d at 851. Additionally, "we must read and consider the statutory scheme as a whole to give consistent, harmonious and sensible effect to all its parts," *Charnes v. Boom,* 766 P.2d 665, 667 (Colo.1988), and must "seek to avoid an interpretation that leads to an absurd result." *State v. Nieto,* 993 P.2d 493, 501 (Colo.2000).

Sections 13–40–101 through 13–40–126, C.R.S.2008, set forth the statutory framework for FED actions. Under section 13–40–110(1), an FED complaint may

> set forth the amount of rent due, the rate at which it is accruing, the amount of damages due, and the rate at which they are accruing and may include a prayer for rent due or to become due, present and future damages, costs, and any other relief to which plaintiff is entitled.

Section 13–40–115(2) provides that, after personal service on the defendant,

> [i]n addition to [a] judgment for restitution, the court or jury shall further find the amount of rent, if any, due to the plaintiff from the defendant at the time of trial, the amount of damages, if any, sustained by the plaintiff to the time of the trial on account of the unlawful detention of the property by the defendant, and damages sustained by the plaintiff to the time of trial on account of injuries to the property, and judgment shall enter for such amounts, together with reasonable attorney's fees and costs, upon which judgment execution shall issue as in other civil actions.

Further, the prevailing party in an FED action "is entitled to recover damages, reasonable attorney fees, and costs of suit." § 13–40–123, C.R.S.2008; *see* section 13–40–111(1), C.R.S.2008 (summons in FED action shall state that failure to appear or file an answer can result in judgment for default for, inter alia, "the rent, if any, due or to become due.").

Considering the statutory scheme as a whole, we conclude that a plaintiff may recover past due rent, including late charges on rent in default, in an FED action involving a lease that provides for rental payments. The plain language of section 13–40–110(1) allows an FED complaint to include, as it does here, allegations of and a prayer for rent due and for "any other relief to which plaintiff is entitled." Section 13–40–115(2) directs that a court or jury "shall" find "the amount of rent, if any, due to the plaintiff from the defendant at the time of trial." This direction is mandatory. *See Pearson v. Dist. Court,* 924 P.2d 512, 516 (Colo.1996)("The generally accepted and familiar meaning of 'shall' indicates that this term is mandatory.").

Additionally, both of these sections differentiate the recovery of past due rent from other damages. Section 13–40–115(2) separates the recovery of past due rent from those damages sustained by a plaintiff "on account of the unlawful detention of the property by the defendant," and section 13–40–110(1) sets apart "rent due" from "present and future damages." In light of these distinctions, we conclude that the absence of a reference to rent due and other past due amounts in section 13–40–123 does not require a different result.

Accordingly, we conclude that the trial court abused its discretion when it determined that landlord could not recover past due rent in an FED action, thereby precluding landlord from presenting any such evidence. Therefore, we remand the case for a new trial as to the past due rent. *See Genova v. Longs Peak Emergency Physicians, P.C.,* 72 P.3d 454, 458 (Colo.App.2003) (the court abuses its discretion in excluding evidence when its decision is based on an erroneous application of the law). In that re-

gard, we find it instructive that the trial court did not address or even mention sections 13–40–110(1) and 13–40–115(2) in its rulings.

We further conclude that *Woznicki, Behr, Grombone,* and *Wu* are distinguishable from the circumstances here for two reasons. First, those cases did not construe sections 13–40–110(1) and 13–40–115(2). Second, the plaintiffs in those cases did not seek to recover past due rent. Rather, *Grombone* and *Wu* each involved an installment land contract for the purchase of an apartment building. *See Grombone,* 754 P.2d at 778; *Wu,* 720 P.2d at 1006. *Behr* involved an eviction of a former homeowner after the buyer purchased the home at a tax sale. *See Behr,* 940 P.2d at 1085–86. Finally, *Woznicki* involved a real estate contract for the sale and lease-back of property with an option to repurchase where the tenant had paid all rent due but refused to vacate the property after the lease expired. *See Woznicki,* 119 P.3d at 569–70.

Accordingly, we reverse the judgment to the extent it limited landlord's damages to the reasonable rental value of the use of the premises during the period of unlawful detainer, and we remand for a new trial in which landlord can present evidence of the full extent of its claimed damages.

### III.   Attorney Fees on Appeal

█   Landlord requests an award of its attorney fees and costs incurred on appeal. As the prevailing party on appeal, landlord is entitled to an award of reasonable attorney fees and costs under the prevailing party provision contained in paragraph 13.11 of the lease. Thus, on remand the trial court shall determine landlord's reasonable attorney fees and costs incurred on appeal. *See* C.A.R. 39.5.

In light of our disposition of this case, we need not address landlord's remaining arguments.

The judgment is reversed as to the claim for past due rent, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge FURMAN and Judge BOORAS concur.